376 So.2d 360 (1979)
Gaudy DORE et al., Plaintiffs-Appellants,
v.
Thomas CUNNINGHAM et al., Defendants-Appellees.
No. 7156.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1979.
*361 Christopher Zaunbrecher, of Zaunbrecher & Foreman, Rayne, for plaintiffs-appellants.
Roy & Forrest, L. Albert Forrest, New Iberia, William J. F. Gearheard, Lafayette, for defendants-appellees.
Before WATSON, CUTRER and DOUCET, JJ.
WATSON, Judge.
This suit claims damages for injuries sustained by a minor, Daniel Leger, as the result of a gunshot wound. The plaintiffs are Gaudy Dore, the minor's stepfather and Eljean Dore, his mother. Named as defendants are Thomas Cunningham, Kenneth Whittington and Whittington's insurer, State Farm Fire and Casualty Company.
A motion for summary judgment was filed on behalf of Whittington and State Farm, along with certain depositions. Summary judgment was granted by the trial court and plaintiffs have appealed.
The relevant and material facts are undisputed. They are as follows:
On the day of the shooting, October 25, 1977, Whittington owned two houses situated on a tract of land in Lafayette Parish. Whittington resided in one house and leased the second to one Larry Dillard and his wife. Cunningham became an occupant of the second house as a paying guest of the Dillards. The Dores and the minor, Daniel Leger, resided nearby in a mobile home. It is alleged that Cunningham shot Daniel from a window around 9:30 p. m. while Daniel was on the Whittington premises.
Liability on the part of Whittington and State Farm is alleged in the petition as follows:
"The injuries described hereinabove were caused directly and proximately by the intentional and malicious act of defendant, Thomas Cunningham, and jointly, by the negligence of defendant, Kenneth Whittington, which negligence was a substantial cause of the injuries, and consisted of the following acts and omissions:
(A) In failing to exercise proper care in the selection of persons allowed to occupy the premises owned by him.
(B) In maintaining a leased premises which constituted a dangerous hazard to area residents especially to minors who were permitted on the premises with the consent of the defendant owner and the defendant lessee.
(C) In allowing a person of dangerous and harmful propensities, of which the said defendant was aware or of which he should have been aware, to occupy the premises so as to constitute a hazard or *362 peril to persons on the said premises as permittees or licensees of the said owner." (TR. 6).
The decisive issue on appeal is whether Whittington and State Farm are entitled to judgment as a matter of law; more precisely, whether the alleged substandard conduct of Whittington was a cause-in-fact of the injury to Daniel Leger. This is the first inquiry in a duty-risk analysis of liability.
The short answer to the question is that any failure to exercise proper care in selection of persons allowed to occupy the premises and any danger, hazard or peril to third persons because of Cunningham's occupancy of the premises is only remotely associated with the injury suffered by young Leger. It was not the fact that Whittington allowed Cunningham to be present on the premises that damaged Leger; it was Cunningham's shot that caused the damage.
To be a cause-in-fact, a cause must play a significant and substantial role in causing an injury, not a remote or slight part. Compare LeJeune v. Allstate Ins. Co., 365 So.2d 471 (La., 1978). Cunningham's action was an unexpected, unforseeable occurrence. It was the act of Cunningham and not his presence which caused the damage. We hold as a matter of law there is not ". . . sufficient causation between the [alleged] negligence and the injury to cast the defendant." Frank v. Pitre, 353 So.2d 1293 (La., 1978).
See the discussion in Law of Torts by Prosser, West Publishing Company, 4th Edition, pp. 236-241, where Dean Prosser discusses the question of causation at length and mentions the "substantial factor" test. While it is true that Dean Prosser describes causation as a jury question, the Louisiana Supreme Court has approved the granting of summary judgment even in contributory negligence cases where reasonable men could not differ. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La., 1976).
Even if it could be said that the alleged substandard conduct of Whittington was a cause-in-fact of Leger's damage, Whittington owed no duty to Leger which was violated by Whittington's toleration of Cunningham on his premises. Compare Kane v. Braquet, 368 So.2d 1176 (La.App. 3 Cir. 1979).
The liability of State Farm is alleged (Paragraph XVIII of the petition, TR. 6) to result from ". . . a public liability policy which insured [Whittington] against liability for injuries to persons on the premises. . ." Since Whittington is entitled to summary judgment, there is no liability on the part of his insurer.
Therefore, we conclude that Whittington and State Farm were correctly awarded summary judgment by the trial court.
Costs are taxed against plaintiffs on appeal.
AFFIRMED.