489 So.2d 1037 (1986)
Mrs. Mary SMITH, et al,
v.
Mrs. Maggie HOWARD, et al.
No. 85-CA-0354.
Court of Appeal of Louisiana, First Circuit.
May 28, 1986.
Dr. Edward A. Robinson, III, Baton Rouge, for plaintiff-appellant Mrs. Mary Smith, etc. et al.
O'Neal Walsh, Baton Rouge, for defendant-appellee Mrs. Maggie Howard, et al.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
EDWARDS, Judge.
From a judgment dismissing her wrongful death action on an exception of no cause of action, plaintiff appeals. We affirm.
Plaintiff's decedent was shot and killed as he stood in front of Maggie Howard's apartment in the Oklahoma Street Housing Project in Baton Rouge. Believing he was a burglar attempting to break into her apartment, Mrs. Howard shot the deceased through the window. Plaintiff brought *1038 suit against the East Baton Rouge Parish Housing Authority and Mrs. Howard, but this appeal concerns only the dismissal of plaintiff's suit against the Housing Authority and its insurer.
The exception of no cause of action tests the legal sufficiency of the petition; no evidence is allowed on this exception. LSA-C.C.P. art. 931. Assuming for purposes of the exception all the facts as stated in the petition, the court must determine whether the law allows the plaintiff relief. Haskins v. Clary, 346 So.2d 193, 194 (La. 1977).
The petition alleges that the Housing Authority caused the decedent's death by virtue of its failure to (1) evict Mrs. Howard after her neighbors reported to the Housing Authority that she was a threat to their safety and to the safety of visitors; (2) maintain a proper screening program so as to avoid renting to tenants with a history of violent propensities; (3) maintain policies requiring tenants to state whether they have any dangerous weapons; (4) have a program for following up reports of violent conduct by tenants against other tenants or visitors; (5) insure the safety and security of guests; and (6) warn tenants and guests on the premises of the dangers posed by Mrs. Howard.
Even if plaintiff could prove all of these allegations at trial, she still could not recover against the Housing Authority because the Housing Authority does not have a duty to evict persons with reportedly violent propensities nor to maintain its own private police protection of its premises.
It is well settled that there is no duty to control the actions of a third person and thereby prevent him from causing harm to another unless some special relationship exists to give rise to such a duty. Landry v. St. Charles Inn, Inc., 446 So.2d 1246, 1250 (La.App. 4th Cir.1984). Although innkeepers have a special relation to their guests, which accordingly gives rise to a special duty to protect the guests, landowners do not have such a special relation with those who live on their premises, and accordingly they have no corresponding special duty.
In Dore v. Cunningham, 376 So.2d 360 (La.App. 3d Cir.1979), the plaintiff sought recovery after a shooting incident on the basis that the landowner failed to exercise proper care in the selection of tenants and allowed a person of dangerous propensity to occupy the premises. The court stated that such actions of the landowner were only remotely associated with the injuries suffered by the plaintiff, and that the landowner owed no duty to the plaintiff which was violated by his allowing the tort-feasor to live on the premises.
In order for plaintiff to recover in this case, it would be necessary for the law to require a special duty on the part of the landowner, a duty which has heretofore not been imposed. We find no legal basis upon which to impose such a duty, and accordingly we decline to do so.
For the foregoing reasons the judgment of the trial court maintaining the exception of no cause of action and dismissing plaintiff's case against the East Baton Rouge Housing Authority is affirmed at appellant's cost.
AFFIRMED.
LANIER, J., concurs in the result.