543 So.2d 1111 (1989)
Charles W. LASSEIGNE, et ux Individually and on Behalf of Their Minor Son, Jason Todd Lasseigne
v.
AMERICAN LEGION, NICHOLSON POST # 38, et al.
CA 88 0443.
Court of Appeal of Louisiana, First Circuit.
May 16, 1989.
John W. Fichtel, III, Baton Rouge, for plaintiff-appellant, Charles W. Lasseigne, et al.
Vincent Fornias, Baton Rouge, for defendant-appellee, American Legion, et al.
*1112 John Swanner, Baton Rouge, for defendant-appellee, Jerome and Becky Landry.
Anthony Clesi, Jr., Baton Rouge, for defendant-appellee, Billy Johnson, et al.
Before COVINGTON, C.J., and LOTTINGER and FOIL, JJ.
FOIL, Judge.
This appeal concerns the granting of a motion for summary judgment. The plaintiffs, Charles and Jackie Lasseigne, individually and on behalf of their minor son, Jason, appeal a summary judgment dismissing their case against the American Legion, Nicholson Post # 38 ("Post 38"). They seek to hold Post 38 liable for injuries suffered by Jason Lasseigne when he was struck on the head by a baseball while at practice for a team participating in the American Legion Junior Baseball Program. We affirm.

FACTS
As set forth in plaintiffs' petition, the facts of this case are as follows: On the evening of June 3, 1986, Jason Lasseigne was a participant in a baseball practice session of a little league baseball team. The league was organized by Post 38. Claude Cassel and Billy Johnson were the coaches of the practice session, which was conducted on the grounds of Central Middle School, a public school under the administration of the East Baton Rouge Parish School Board. Sometime during the practice, Jason was injured when he was struck on the head by a baseball alleged to have been negligently thrown by team member Todd Landry.
The Lasseignes, individually and on behalf of Jason, filed this suit for damages suffered as a result of this incident. Named as defendants were Post 38; the East Baton Rouge Parish School Board (controller of practice grounds); Claude Cassel and Billy Johnson (team coaches); Mr. and Mrs. Jerry Landry (parents of Todd Landry); State Farm Fire and Casualty Company (insurer of Claude Cassel and Billy Johnson under two separate policies); and Gulf Insurance Company (insurer of Mr. and Mrs. Landry).
Specifically, plaintiffs alleged that by sponsoring and encouraging such practice sessions, Post 38 owed a duty to adequately safeguard and supervise these sessions, and to insure that its employees, agents and assistants were adequately trained. Plaintiffs further claimed that Post 38 is vicariously liable for the actions of its employees and/or agents, Claude Cassel and Billy Johnson.
After filing an answer to plaintiffs' petition, Post 38 filed a motion for summary judgment. In support thereof, Post 38 submitted the affidavit of R.E. Waltman, Chairman of the American Legion Nicholson Post Number 38 Junior Baseball Program. Based upon personal knowledge, Mr. Waltman attested to the following facts: The Junior Baseball Program has been organized by Post 38 for approximately 60 years. During the 1986 season, 68 teams participated in the program; 8 different fields were utilized; and up to 20 different games were played on a single night. Post 38 has never sponsored or supervised any individual team in the program. Rather, each team is individually sponsored by local private businesses. The players are organized and trained by individual coaches, usually parents of team members, who are neither employed, selected, supervised by or affiliated with Post 38. Post 38 oversees the playing of the actual games by locating game sites, organizing schedules, and providing umpires and official scorers. However, all team practices are organized, conducted and supervised by the team coaches.
In opposition to the motion for summary judgment, plaintiffs submitted the identical affidavits of Mr. and Mrs. Lasseigne. Therein, plaintiffs stated that on the date of the accident, neither coach ever informed them that Jason had been in an accident while at baseball practice. As a result, plaintiffs had no way of knowing the gravity of Jason's injuries. Finally, no one from Post 38 or the coaching staff ever informed plaintiffs that there was any undue risk involved in allowing Jason to participate *1113 in the program, or that the program would be conducted without minimum safeguards for the safety of the participants.
After hearing oral argument, and based on the evidence submitted, the trial court granted defendant's motion, dismissing plaintiffs' claim against it. It is from this judgment that plaintiffs bring the instant appeal. They urge the following assignments of error:
(1) The trial court erred by finding, as a matter of law, that an organizer of team sports owed no duty to child participants or their parents to safeguard that its coaches have minimal qualifications for the safe conduct of the sport; and
(2) The trial court erred by failing to impose vicarious liability against the organizer of team sports for the negligent conduct of its agents.

LAW-SUMMARY JUDGMENT
It is well settled that summary judgment should be granted only when reasonable minds must conclude that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Chaisson v. Domingue, 372 So.2d 1225, 1227 (La. 1979). On a motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings. La. Code Civ.P. art. 967; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La. 1980).

LAW-DUTY OF ORGANIZER OF TEAM SPORTS
By means of their first assignment of error, plaintiffs do not contend that material facts are still at issue. Rather, they urge that Post 38 is not entitled to judgment as a matter of law because an organizer of team sports owes a duty to child participants and their parents to insure that coaches possess minimal safety qualifications. Based upon the above statutory scheme, the crucial question is whether or not reasonable minds could only conclude Post 38 is entitled to judgment on the facts before the court. We conclude under the facts, Post 38 is entitled to judgment as a matter of law.
The standard of conduct required of persons in Louisiana in their relationships with one another as a basis of delictual liability is set forth in La.Civ Code arts. 2315 and 2316. Article 2315 provides, in pertinent part:
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
Article 2316 provides:
Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.
Under these articles, the elements of a cause of action are fault, causation and damage. The conduct of which plaintiff complains must be a cause-in-fact of the harm. After determining causation, the court must also determine what was the duty imposed on defendant, and whether the risk which caused the accident was within the scope of the duty. A breach of duty on the part of the defendant which was imposed to protect against the risk involved makes the offender negligent under the above articles. Vicknair v. Hibernia Building Corp., 479 So.2d 904, 908-909 (La.1985).
We believe the primary cause-in-fact of Jason's injury was a poor throw of a baseball by a team member. This is an obvious, normal and ordinary risk attendant to playing the sport. However, even assuming the lack of safety measures or minimal guidelines for the adults in supervisory positions was also a cause-in-fact of the severity of Jason's injuries, we do not feel it was the duty of Post 38 to protect against that risk. The affidavit of Mr. *1114 Waltman offered by Post 38 in support of its motion made it clear that Post 38 has absolutely nothing to do with the selection of coaches or the conduct of team practices. Local private businesses sponsor the individual teams and select the coaches. The coaches are solely responsible for all aspects of practice, including frequency, location and length of each session. As Post 38 has no involvement in team practices, they can owe no duty to insure the safety of the same.

LAW-VICARIOUS LIABILITY
In their final assignment of error, plaintiffs contend vicarious liability should attach to Post 38 for the actions of Claude Cassel and Billy Johnson. They argue that since Post 38 is a non-profit domestic corporation, it is liable for the acts of its agents or employees when the wrongful conduct occurs in furtherance of the corporation's activities. Plaintiffs submit that a material issue of fact exists concerning this agency relationship. We disagree.
A master or employer is liable for the tortious conduct of a servant or employee which is within the scope of authority or employment, but a principal is not liable for the physical torts of a non-servant agent. Only when the relationship of the parties includes the principal's right to control physical details of the actor as to the manner of his performance which is characteristic of the relation of master and servant does the person in whose service the act is done become subject to liability for the physical tortious conduct of the actor. Rowell v. Carter Mobile Homes, Inc., 500 So.2d 748, 751 (La.1987).
It is more than evident that the individual team coaches are not employees of Post 38. They are volunteers who are chosen by the private sponsors of the teams. Moreover, as stated previously, Post 38 has absolutely no control over the physical details of the coaches or the manner in which practices are conducted. Consequently, we conclude that Coaches Cassel and Johnson are not the servants of Post 38. As such, there exists no issue of material fact as to the vicarious liability of Post 38 for the actions of the coaches.
For the above reasons, we find that defendant's affidavit was sufficient to resolve all material issues of fact and establish that Post 38 was entitled to judgment as a matter of law. It was then incumbent upon plaintiffs to come forward with specific facts to establish the existence of a genuine issue for trial. Having failed to do so, we hereby affirm the judgment of the trial court granting defendant's motion for summary judgment. All costs of this appeal are assessed against plaintiffs/appellants.
AFFIRMED.