558 So.2d 614 (1990)
Charles W. LASSEIGNE, et ux., Individually and on Behalf of Their Minor Son, Jason Todd Lasseigne
v.
AMERICAN LEGION, NICHOLSON POST # 38, et al.
No. CA 89 0036.
Court of Appeal of Louisiana, First Circuit.
February 21, 1990.
*615 John W. Fichtel, III, Baton Rouge, for plaintiff-appellant, Charles W. Lasseigne, et ux.
Michael P. Colvin, Anthony Clesi, Jr., Baton Rouge, for defendant-appellee, Billy D. Johnson, Claude Cassels, State Farm Fire and Cas. Co.
John Swanner, Baton Rouge, for defendant-appellee, Jerome T. and Becky Landry and Gulf Ins. Co.
Vincent Fornias, Baton Rouge, for defendant-appellee, American Legion Nicholson Post No. 38.
Paul Marks, Jr., Baton Rouge, for defendant-appellee, East Baton Rouge Parish School Bd.
Before EDWARDS, LANIER and FOIL, JJ.
FOIL, Judge.
Plaintiffs, Charles and Jackie Lasseigne, individually and on behalf of their minor son, Jason, bring the instant appeal from the granting of a motion for summary judgment dismissing their claim against defendants, Billy D. Johnson, Claude Cassels and State Farm Fire and Casualty Company. Plaintiffs seek to hold these defendants liable for injuries suffered by Jason Lasseigne when he was struck on the head by a baseball while at practice for a team participating in the American Legion Junior Baseball Program.
We affirm.

FACTS
The record supports the following facts: On the evening of June 3, 1986, Jason Lasseigne was a participant in a practice session of an American Legion little league baseball team. The session was held on a wet, grassy playground at Central Middle School, rather than a regulation baseball field, after the team's regularly scheduled game was rained out. Billy Johnson, father of one of the team members, volunteered to accompany the team because the coach, Claude Cassels, was unable to attend. During infield practice, Jason was injured when he was struck on the head by a soggy, wet baseball thrown awry by team member Todd Landry, whose foot slipped on the wet ground. Billy Johnson immediately examined Jason and saw no sign of injury. He noted the boy was not unconscious but was very alert. He ordered Jason to sit down and rest. Shortly thereafter, Jason stated he felt like practicing again, so he returned to the field and pitched and played shortstop. Mr. Johnson noted that Jason acted normally during the remainder of practice and on the way home. However, he specifically told Jason to inform his parents of the incident. When Mrs. Lasseigne picked Jason up from a friend's house after practice, she saw no evidence of an injury nor did she notice anything "unusual" about his behavior. While on the way home, Jason did, in fact, tell his mother he had been hit on the jaw by a baseball. Approximately twenty-four hours later, Jason underwent head surgery.
The Lasseignes, individually and on behalf of Jason, filed this suit for damages suffered as a result of the above incident. Named as defendants were the American Legion, Nicholson Post # 38; the East Baton Rouge Parish School Board (controller of Central Middle School practice grounds); Claude Cassels and Billy Johnson (team coaches); State Farm Fire and Casualty Company (insurer of Cassels and Johnson under two separate policies); Mr. and Mrs. Jerry Landry (parents of Todd Landry); and Gulf Insurance Company (insurer of Mr. and Mrs. Landry).[1]
Specifically, with respect to the defendants involved in this appeal, plaintiffs allege *616 in their petition that Claude Cassels and Billy Johnson did not adequately supervise the practice session and did not render such aid and assistance as would be expected from ordinary prudent persons in a like position. Further, plaintiffs claim that Cassels and Johnson did not report Jason's injury to them, thereby increasing the severity of the injury. Last, plaintiffs contend State Farm is liable under two separate policies issued to Cassels and Johnson which insure against the losses incurred.
After filing an answer to plaintiff's petition, Cassels, Johnson and State Farm filed a motion for summary judgment. Defendants claim that, based on depositions and evidence of record, either Jason assumed the risk of the injuries received or Cassels and Johnson clearly owed no duty to Jason to protect him against the risks encountered.
In support of the claims made in their petition, plaintiffs filed in the record the identical affidavits of Mr. and Mrs. Lasseigne. Therein, plaintiffs stated that on the date of the accident, neither coach ever informed them that Jason had been in an accident while at baseball practice. As a result, plaintiffs had no way of knowing the gravity of Jason's injuries. Finally, no one from Post 38 or the coaching staff ever informed plaintiffs that there was any undue risk involved in allowing Jason to participate in the program, or that the program would be conducted without minimum safeguards for the safety of the participants.
After hearing oral argument, and based on the facts in the record, the trial court granted defendants' motion for summary judgment, dismissing plaintiffs' claim against them. In oral reasons for judgment, the court stated that, assuming Cassels and Johnson owed a duty to Jason, there was no breach of the duty because everything done for the child was reasonable under the circumstances. It is from this judgment that plaintiffs bring the instant appeal. They argue that Coach Cassels did not act as a reasonably prudent person in delegating his responsibility to Billy Johnson, nor did Johnson act as a reasonably prudent person under the circumstances involved.

LAW-SUMMARY JUDGMENT
It is well settled that summary judgment should be granted only when reasonable minds must conclude that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Chaisson v. Domingue, 372 So.2d 1225, 1227 (La. 1979). On a motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing material facts are still at issue. At this point, the opposing party may no longer rest on the allegations and denials contained in his pleadings. La.Code Civ.P. art. 967; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980).

LAW-NEGLIGENCE
The standard of conduct required of persons in Louisiana in their relationships with one another as a basis of delictual liability is set forth in La.Civ.Code arts. 2315 and 2316. Article 2315 provides, in pertinent part:
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
Article 2316 provides:
Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.
Under these articles, the elements of a cause of action are fault, causation and damage. The conduct of which plaintiff complains must be a cause-in-fact of the harm. After determining causation, the court must also determine the duty imposed on the defendant, and whether the risk which caused the accident was within the scope of the duty. A breach of this duty on the part of the defendant which *617 was imposed to protect against the risk involved makes the offender negligent under the above articles. Vicknair v. Hibernia Building Corp., 479 So.2d 904, 908-909 (La.1985).
Based on the above statements of the applicable law, the issue presented is whether or not reasonable minds could only conclude that defendants are entitled to judgment as a matter of law based on the facts presented. We find the answer to be in the affirmative.
The depositions submitted are sufficient to resolve all material issues of fact, including the factual determination as to defendants' breach of duty, or negligence. We agree with the trial court that reasonable minds could only conclude no material issue of facts exists, and that both Cassels and Johnson acted reasonably under the circumstances present in this case. The reasonableness of their conduct is especially clear in light of the social utility of said conductnamely, the value of the services of volunteers in a youth sports program to the community in which they participate. Since reasonable minds could not find that defendants breached their duty of care owed to plaintiffs, no material issue of fact exists as to the reasonableness of defendants' conduct and they are not liable as a matter of law. As such, it was plaintiff's responsibility to come forward with specific facts to establish a genuine issue for trial. Having failed to do so, we hereby affirm the judgment of the trial court granting defendants' motion for summary judgment. All costs of this appeal are assessed to plaintiffs/appellants.
AFFIRMED.
NOTES
[1] In a prior appeal, we affirmed the granting of a motion for summary judgment filed by the American Legion. See Lasseigne v. American Legion, Nicholson Post # 38, 543 So.2d 1111 (La. App. 1st Cir.1989). Also, in a prior unpublished opinion, we affirmed the granting of a motion for summary judgment filed by Mr. and Mrs. Landry and Gulf Insurance Company. Lasseigne v. American Legion, Nicholson Post #38, 552 So.2d 87 (La.App. 1st Cir.1989.) Summary judgment was granted in favor of the East Baton Rouge Parish School Board, but no appeal was taken from that judgment.