657 So.2d 666 (1995)
Anna PARMER,
v.
Raymond SUSE, et al.
No. 94 CA 2200.
Court of Appeal of Louisiana, First Circuit.
June 23, 1995.
*667 H. Edward Sherman, Cynthia P. Lavespere, New Orleans, for plaintiff-appellant Anna Parmer.
Richard D. Mere, William D. Hunter, Morgan City, for defendant-appellee Plantation Inn, Inc.
Joseph A. Schittone, Jr., Baton Rouge, for Illinois Ins. Exchange.
Before LeBLANC, PITCHER and FITZSIMMONS, JJ.
PITCHER, Judge.
Anna Parmer (plaintiff) appeals from the trial court's granting of a motion for summary judgment finding that defendant, Plantation Inn, Inc., was not vicariously liable for Raymond Suse's actions. We affirm.

FACTS
Plaintiff was employed by KQKI radio station as an account executive. Plaintiff's duties consisted of selling programs/advertisements. On or about July 7, 1992, plaintiff sold an advertisement to David Drash (Mr. Drash), lessee of the Plantation Inn restaurant (Cajun Dave's) in Morgan City, Louisiana.[1] This advertisement was for Mr. Drash's restaurant business. Two days later (July 9, 1992), Mr. Drash, along with Raymond Suse (Mr. Suse), contacted the plaintiff to discuss purchasing additional advertisements.
Plaintiff testified that on July 9th, she agreed to meet with Mr. Drash and Mr. Suse at 10:00 p.m. at the Plantation Inn hotel to discuss the purchase of advertisement, more specifically, the purchase of advertisement by Mr. Suse for the hotel.
After arriving at the hotel, plaintiff, along with Mr. Drash and Mr. Suse, had a few alcoholic beverages and decided to have dinner at the Petroleum Club in Morgan City. While having dinner, plaintiff stated that the topic of sex was brought up by Mr. Suse. Plaintiff stated that at this point, she reprimanded Mr. Suse when he mentioned the topic of sex. Plaintiff stated that upon leaving *668 the Petroleum Club, she was physically assaulted by Mr. Suse.
On June 28, 1993, plaintiff filed a petition for damages, alleging that Plantation Inn, Inc. was vicariously liable for the negligent acts and omissions of Mr. Suse.[2] Plaintiff alleged that Mr. Suse was acting in the course and scope of his employment or agencyship or officer status with Plantation Inn, Inc.
Plantation Inn, Inc. filed a motion for summary judgment on December 20, 1993, alleging that there was no employee/employer relationship between Mr. Suse and Plantation Inn, Inc.
After a hearing, the trial court rendered a judgment granting the motion for summary judgment in favor of Plantation Inn, Inc. and dismissing Plantation Inn, Inc. from the lawsuit. Plaintiff now appeals the judgment.

SUMMARY JUDGMENT
It is well settled that the granting of a summary judgment is proper only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Lewis v. Diamond Services Corporation, 93-1150, p. 5 (La.App. 1st Cir. 5/20/94), 637 So.2d 825, 828, writ denied, 94-1638 (La. 10/14/94), 643 So.2d 159. The burden is upon the mover for summary judgment to show that no genuine issues of material fact exist, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Ledet v. Quality Shipyards, Inc., 615 So.2d 990, 992 (La.App. 1st Cir.1993).
Summary judgments are not favored, and any reasonable doubt should be resolved against the mover. In determining whether material issues have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. O'Quinn v. Power House Services, Inc., 633 So.2d 707, 710 (La.App. 1st Cir.1993).

VICARIOUS LIABILITY
Plaintiff contends that Plantation Inn, Inc. is vicariously liable for the actions of Mr. Suse. Plaintiff further contends that during the time of the incident, Mr. Suse was an employee and/or agent of Plantation Inn, Inc. and was acting for the benefit of Plantation Inn, Inc.
On the other hand, Plantation Inn, Inc. argues that it is not vicariously liable because Mr. Suse was not an employee or officer of Plantation Inn, Inc. on the date of the incident.
A master or employer is answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed. See LSA-C.C. art. 2320. [T]wo essential elements must be established before liability of an employer attaches, namely, (1) that a master-servant or employer-employee relationship existed between the employee tortfeasor and the employer, and (2) that the tortious act of the servant or employee was committed within the scope and during the course of his employment by the employer sought to be held liable. St. Paul Fire & Marine Insurance Company v. Roberts, 331 So.2d 529, 537 (La.App. 1st Cir.1976).
In determining whether an employment relationship exists the jurisprudence of this state has uniformly held that the most important element to be considered is the right of control and supervision over an individual. Hryhorchuk v. Smith, 379 So.2d 281, 289 (La.App. 3rd Cir.1979), aff'd in part, rev'd in part, 390 So.2d 497 (La.1980). Factors to be considered in assessing the right of control are the selection and engagement of the worker, the payment of wages and the power of control and dismissal. Hryhorchuk v. Smith, 379 So.2d at 289.
The record reflects that Mr. Suse was a resident of Springfield, Massachusetts. *669 Prior to May 15, 1992, Mr. Suse was the president of Plantation Inn, Inc. On occasion, Mr. Suse would come to the Plantation Inn hotel in Morgan City to check on how things were being run. Mr. Suse's reason for visiting the Plantation Inn hotel was because he was about to become a part of Plantation Inn, Inc. through the purchase of stock. Mr. Suse stated that he did not have any specific duties when he came to the Plantation Inn hotel.
The record contains an affidavit from Carmella Craig which states that during the month of July, 1992, Mr. Suse was not employed by Plantation Inn, Inc. nor did he hold any official capacity with Plantation Inn, Inc. The record also contains copies of the minutes from the meetings held by the board of directors which show that Mr. Suse was terminated as the president of Plantation Inn, Inc. on May 15, 1992, and Ms. Craig was elected as his replacement on May 18, 1992.
After reviewing the evidence, the trial court held that the incident between Ms. Parmer and Mr. Suse occurred after Mr. Suse was dismissed as president of Plantation Inn, Inc. The trial court concluded that since Mr. Suse was no longer associated with Plantation Inn, Inc., Plantation Inn, Inc. was not vicariously liable.
Based upon our review of the record, we find that the trial court was correct in determining that Plantation Inn, Inc. was not vicariously liable for the actions of Mr. Suse. On the date of this incident, Plantation Inn, Inc. had no control over the actions of Mr. Suse, or the manner in which Mr. Suse acted.[3] Thus, no master-servant or employee-employer relationship existed.

NEGLIGENCE
Plaintiff argues that Plantation Inn, Inc. is directly liable because it negligently selected Mr. Suse to represent the corporation in its affairs with third persons. Plaintiff further argues that Plantation Inn, Inc. was negligent by letting Mr. Suse represent the corporation under circumstances which it knew or should have known would lead to the type of conduct displayed by Mr. Suse.
LSA-C.C. art. 2315 provides as follows:
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
In determining negligence liability, the courts of this state have adopted a duty-risk analysis approach. See Dixie Drive It Yourself System New Orleans Co., Inc. v. American Beverage Company, 242 La. 471, 137 So.2d 298, 304 (1962). To hold the defendant liable for his negligence, the following questions must be answered in the affirmative:
(1) Was the conduct in question a cause-in-fact of the resulting harm?
(2) What, if any, duties were owed by the respective parties?
(3) Were the requisite duties breached?
(4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached?
Mart v. Hill, 505 So.2d 1120, 1122 (La.1987).

DUTY
It is well settled that there is no duty to control, or warn against, the criminal actions of a third person so as to prevent him from causing physical injury to another, unless some special relationship exists to give rise to such a duty. Smith v. Howard, 489 So.2d 1037, 1038 (La.App. 1st Cir.1986). Courts traditionally have found such relationships to exist between parent and child; employer and employee; carrier and passenger; innkeeper and guest; shopkeeper and business *670 visitor; restaurateur and patron; jailer and prisoner; and teacher and pupil. Haskins v. State Farm Fire and Casualty Company, 612 So.2d 990, 993 (La.App. 2nd Cir. 1993).
Based upon the record, we agree with the trial court's conclusion that Mr. Suse was not an employee of Plantation Inn, Inc. Furthermore, we find that no special relationship existed between Plantation Inn, Inc. and Mr. Suse. Therefore, Plantation Inn, Inc. owed no legal duty to plaintiff. This assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, the judgment of the trial court granting the motion for summary judgment, and dismissing Plantation Inn, Inc. from the lawsuit, is affirmed. Costs of this appeal are assessed against plaintiff, Anna Parmer.
AFFIRMED.
LeBLANC, J. concurs.
NOTES
[1] The Plantation Inn restaurant is located on the same premises as the Plantation Inn hotel.
[2] Ms. Parmer's petition also named as defendants Raymond Suse, First Oak Brook Corporation Syndicate, and XYZ Insurance Company.
[3] In this assignment of error, plaintiff also contends that Mr. Suse was an agent of Plantation Inn, Inc., and therefore, Plantation Inn, Inc. is vicariously liable for his actions.

However, a principal is not liable for the physical torts of a non-servant agent. Lasseigne v. American Legion, Post 38, 543 So.2d 1111, 1114 (La.App. 1st Cir.1989). Only when the relationship of the parties includes the principal's right to control physical details of the actor as to the manner of his performance which is characteristic of the relation of master and servant does the person in whose service the act is done become subject to liability for the physical tortious conduct of the actor. Lasseigne v. American Legion, Post 38, 543 So.2d at 1114.
Based upon the record, we find that this contention lacks merit because Plantation Inn, Inc. did not have any control over the actions of Mr. Suse.