IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30774
Summary Calendar
_____


JUSTIN KYLE KEATON; ET AL,

                                        Plaintiffs,

JUSTIN KYLE KEATON,

                                        Plaintiff - Appellant,

versus

WAYNE SUMMERS; ET AL,

                                        Defendants,

THE STATE OF LOUISIANA,
through the Department of Public Safety
and Corrections,

                                        Defendant - Appellee.

_____
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-1192-L
_____
June 14, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

        Justin Kyle Keaton, a minor in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), was assaulted by Florida Parishes Juvenile Detention Center Superintendent Wayne Summers. Summers is a former DPSC

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

administrative employee. Keaton sought damages from the State of Louisiana, through the DPSC, on the theory that DPSC employees recommended Summers for the superintendent position without informing the Florida Parishes Juvenile Justice District that Summers had a prior felony conviction for possession of marijuana. The district court granted the State's motion for judgment as a matter of law, and Keaton has appealed.

It is undisputed that members of the Florida Parishes Juvenile Justice District had actual knowledge of Summers' felony conviction for possession of marijuana prior to offering him employment. Because Keaton cannot establish that the harm he suffered was caused by the alleged omissions by DPSC employees, he has failed to state a cause of action under Louisiana law. Parmer v. Suse, 657 So. 2d 666, 669 (La. Ct. App. 1995); see Mart v. Hill, 505 So.2d 1120, 1122 (La. 1987). The grant of judgment as a matter of law is AFFIRMED. Reeves v. Sanderson Plumbing Prods, Inc., 530 U.S. 133, 150-51 (2000).

In light of the foregoing, we pretermit consideration of Keaton's arguments concerning the district court's denial of a mistrial.

**AFFIRMED.**