942 So.2d 669 (2006)
Charles Thomas BECK, Jr., Plaintiff-Appellant,
v.
Jeff SCHRUM, Carol Newsom, and Louisiana Farm Bureau Casualty Insurance Company, Defendants-Appellees.
No. 41,647-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2006.
*670 James M. Johnson, Baton Rouge, for Plaintiff-Appellant.
Hubley, Marcotte, Rhodes & Hussey by Craig Marcotte, Shreveport, for Defendants-Appellees Louisiana Farm Bureau and Carol Newsom.
Before BROWN, WILLIAMS and GASKINS, JJ.
GASKINS, J.
The plaintiff, Charles Thomas Beck, Jr., appeals from a trial court ruling granting summary judgment in favor of Carol Newsom and Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau"), finding no liability on their part arising from an incident in which the plaintiff was shot at the Newsom residence by Ms. Newsom's boyfriend. For the following reasons, we affirm.

FACTS
Ms. Newsom owned a residence in Minden and lived there with her 22-year-old son, Levi Newsom, and her adult boyfriend, Jeff Schrum. In 2004, Mr. Schrum acquired a muzzle-load black powder gun, which he sometimes displayed to visitors at the house. On November 6, 2004, Mr. Beck went to the residence to visit Levi. Ms. Newsom was at work. Mr. Schrum was present and took the gun out. Thinking that it was not loaded, he pointed the gun at Mr. Beck and fired the weapon. The gun was loaded, and Mr. Beck was severely injured.

PROCEDURAL HISTORY
Mr. Beck filed suit against Mr. Schrum, Ms. Newsom, and her homeowner's insurer, Farm Bureau, claiming gross negligence on the part of Mr. Schrum and arguing that the accident was covered under Ms. Newsom's homeowner's policy.
On November 22, 2005, Farm Bureau filed a motion for summary judgment on behalf of the insurance company and Ms. Newsom, arguing that Mr. Schrum was not an insured as defined under the policy because he was neither a relative of Ms. Newsom nor was he under the age of 21 and under her care.
Farm Bureau also contended that Ms. Newsom was not at home at the time of the shooting and that she had no liability or fault in the incident. The insurance company argued that Ms. Newsom had no duty to Mr. Beck and that she did not breach any duty owed to him. Farm Bureau sought to have the plaintiff's claims against her dismissed.
*671 Mr. Beck amended his petition to allege that Ms. Newsom knew or should have known that Mr. Schrum played with the gun around the house, exposing persons at her home to injury.
At the hearing on the motion for summary judgment, Mr. Beck admitted that Mr. Schrum did not meet the definition of an insured under the terms of the policy. However, Mr. Beck argued that there was a disputed issue of material fact as to whether Ms. Newsom was negligent in allowing Mr. Schrum to have the gun at the residence when she knew that he frequently displayed it to visitors. He argued that Ms. Newsom is an insured under the policy and that she was negligent in allowing Mr. Schrum to keep the gun at the house.
The trial court rejected Mr. Beck's argument, finding that Ms. Newsom could not control her adult boyfriend's actions and had no liability for the shooting. The court dismissed the plaintiff's claims against Ms. Newsom and Farm Bureau. Mr. Beck appealed, arguing that the trial court erred in granting the motion for summary judgment.

LEGAL PRINCIPLES
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Hill v. Shelter Mutual Insurance Company, XXXX-XXXX (La.7/10/06), 935 So.2d 691. A court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). Inferences drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Hill v. Shelter Mutual Insurance Company, supra.

DISCUSSION
Mr. Beck argues that Ms. Newsom was aware that Mr. Schrum used and "showed off" the gun when visitors were at the residence. Mr. Beck asserts that she had an affirmative duty to stop Mr. Schrum from "interacting the gun" with visitors to her residence, she breached this duty, and her breach resulted in the plaintiff being seriously injured. The plaintiff also claims that there is a genuine issue of material fact as to the knowledge that Ms. Newsom had with respect to the gun being in her house. According to Mr. Beck, the trial court erred in granting summary judgment in favor of Farm Bureau and Ms. Newsom. These arguments are without merit.
In opposition to the motion for summary judgment, Mr. Beck submitted several affidavits and the deposition of Ms. Newsom. The first affidavit by Daniel Beck, brother of the plaintiff, simply states that he was present and observed Mr. Schrum shoot the plaintiff.
Ashley Norman executed an affidavit stating that on November 1, 2004, she was present in Ms. Newsom's home along with Ms. Newsom, Levi, and several other individuals. Ms. Norman claimed that she observed the gun lying on the floor of Levi's room. The plaintiff took the gun into a bedroom where Ms. Norman believed Ms. Newsom and Mr. Schrum were present. Ms. Norman stated that Ms. *672 Newsom was aware that the gun was observable in her residence.
The plaintiff offered his own affidavit in opposition to the defendants' motion for summary judgement. He claimed that on several occasions prior to the shooting, Mr. Schrum displayed the gun to visitors to the residence and sometimes "popped caps" with the gun inside and outside Ms. Newsom's residence. He claimed that Ms. Newsom was present on some occasions when this occurred. He also urged that it was not possible to tell by looking at the gun whether it was loaded.
Joey Paul Beck's affidavit states that Ms. Newsom was present on some occasions when Mr. Schrum played with the gun while others were visiting the residence.
In his opposition to the defendants' motion for summary judgment, the plaintiff also attached Ms. Newsom's deposition stating that Mr. Schrum lived with her for about two years, but they were not related by blood or marriage. She said that Mr. Schrum acquired the gun in May 2004, and that he sometimes displayed it to visitors. She did not view Mr. Schrum's actions in handling the gun while visitors were present as a problem because he said it was not loaded and he did not shoot it in the house.
Ms. Newsom denied that the plaintiff found the gun on the floor of Levi's room approximately one week before the shooting. She said that Levi took the gun from the residence on one occasion.
She stated that she never saw Mr. Schrum point the gun at visitors. According to Ms. Newsom, she did not feel that there was a danger sufficient to require Mr. Schrum to remove the gun from the house prior to the shooting.
At the time of the shooting, Ms. Newsom was at work. She claimed that she did not have any contact with Mr. Schrum or Levi before she left for work around 8:00 a.m., and she learned of the shooting later that day when Levi called her at work.
A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Whether a duty is owed is a question of law. Posecai v. Wal-Mart Stores, Inc., XXXX-XXXX (La.11/30/99), 752 So.2d 762. Whether a legal duty is owed by one party to another depends on the facts and the circumstances of the case and the relationship of the parties. Haskins v. State Farm Fire & Casualty Company, 612 So.2d 990 (La. App. 2d Cir.1993).
Louisiana law is clear that no duty to protect against or control the actions of a third party exists unless a special relationship exists to give rise to such a duty. Mosley v. Temple Baptist Church of Ruston, Louisiana, Inc., 40,546 (La.App.2d Cir.1/25/06), 920 So.2d 355. Courts traditionally have found such relationships to exist between parent and child; employer and employee; carrier and passenger; innkeeper and guest; shopkeeper and business visitor; restaurateur and patron, jailer and prisoner; and teacher and pupil. Haskins v. State Farm Fire & Casualty Company, supra.
In the present case, none of these special relationships exist. Mr. Schrum was an adult living in Ms. Newsom's house. She had no duty to protect against or control his actions toward third parties.[1]
*673 Further, the affidavits and deposition fail to show that Ms. Newsom was negligent in failing to require that Mr. Schrum remove the gun from the house. Although Mr. Schrum displayed the gun to visitors, Ms. Newsom never observed him point the gun at visitors or behave in an unsafe manner with the gun. She believed that the gun was not loaded in the house. The cause-in-fact of the plaintiff's injury was not that Ms. Newsom allowed the gun to be in the house. The injury was caused by Mr. Schrum's negligence in pointing a loaded weapon at the plaintiff and pulling the trigger. See and compare Craig v. Sepulvado, XXXX-XXXX (La.App. 3d Cir.2/18/98), 709 So.2d 229, writ denied, XXXX-XXXX (La.5/1/98), 718 So.2d 414. We also note that a loaded gun is a dangerous instrumentality and a duty of extraordinary care is placed on those in control of weapons. Brisco v. Fuller, supra. In this matter, the gun belonged to Mr. Schrum and was under his control.[2] The duty of extraordinary care belonged to him, not to Ms. Newsom.
This unfortunate incident occurred solely as a result of the negligence of Mr. Schrum at a time when Ms. Newsom was not present. She simply bears no responsibility for the negligent actions of Mr. Schrum and there is no showing that she acted negligently regarding the gun. The trial court correctly granted summary judgment in favor of Ms. Newsom and Farm Bureau, dismissing the plaintiff's claims against them.

CONCLUSION
For the reasons stated above, we affirm the decision of the trial court granting summary judgment in favor of Carol Newsom and Farm Bureau Casualty Insurance Company, and dismissing the claims of Charles Thomas Beck, Jr. against Ms. Newsom and Farm Bureau. Costs in this court are assessed to the plaintiff.
AFFIRMED.
BROWN, C.J., concurs in part and dissents in part.
BROWN, Chief Judge, concurring in part and dissenting in part.
I agree that Carol Newsom is not liable and was entitled to summary judgment. I disagree that the Farm Bureau policy did not provide coverage for the negligent acts of Jeff Schrum.
Carol and Jeff cohabited for several years. They had resided together at the house where this incident occurred for two years and prior to that at a house owned by Jeff Schrum on Yellow Pine Road. On the date of her deposition, Carol Newsom indicated that Jeff Schrum was in the Bayou Dorcheat Correctional Center.
*674 The facts of this case are unique and different from the facts in the cases cited by the majority. These parties would have been covered by the Farm Bureau's policy in a state where common law unions were recognized.
Questions of fact exist as to whether summary judgment was appropriate as to coverage.
See this author's concurring and dissenting opinion in Crigler v. Crigler, 28,085, 28,107, 28,108-CW, (La.App.2d Cir.04/03/96), 671 So.2d 1199, 1205-1206, writs denied, 96-1092, 96-1148 (La.06/07/96), 674 So.2d 968.
NOTES
[1] The jurisprudence offers numerous examples in which a property owner owes no duty to a plaintiff shot on his property where there is no special relationship with the tortfeasor. See Brisco v. Fuller, 623 So.2d 196 (La.App. 2d Cir.1993), no duty owed by parent of adult child who shot someone with parent's gun; Smith v. Howard, 489 So.2d 1037 (La.App. 1st Cir.1986), housing authority had no duty to evict persons with violent propensities; Corley v. Delaney, 629 So.2d 1255 (La.App. 3d Cir. 1993), writs denied, XXXX-XXXX, XXXX-XXXX (La.4/22/94), 637 So.2d 156, father-landowner was not liable where adult son accidently shot plaintiff on father's property; Fontenot v. Bolfa, 549 So.2d 924 (La.App. 3d Cir.1989), homeowner was not liable where daughter's boyfriend shot someone at house while homeowner was away; Dore v. Cunningham, 376 So.2d 360 (La.App. 3d Cir.1979), landlord not liable for gunshot wound inflicted by guest of a tenant; Ozols v. Irving, 491 So.2d 719 (La. App. 4th Cir.1986), writ denied, 496 So.2d 348 (La.1986), homeowner was not liable where her nephew fired a gun from the window of her house and killed a neighbor while the homeowner was not at home.
[2] See and compare Tolleson v. State Farm Fire and Casualty Co., 449 So.2d 105 (La.App. 1st Cir.1984), writ denied, 450 So.2d 968 (La. 1984), in which the driver of a car was found to have no control and no responsibility for a gun transported in his car by a guest passenger.