692 So.2d 596 (1997)
James KEYS, Sr., PlaintiffAppellant,
v.
Alfred BROUSSARD, et al., DefendantsAppellees.
No. 96-1379.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1997.
*597 James Keys, Sr., pro se.
Frank P. Trosclair, Jr., Opelousas, for defendants-appellees.
Before DOUCET, C.J., and WOODARD and GREMILLION, JJ.
WOODARD, Judge.
Plaintiff filed a petition alleging that defendant Sheriff was negligent in not informing him of a complaint filed. The trial court granted Sheriff's peremptory exception of no cause of action and plaintiff appeals this ruling. We affirm.

FACTS
Plaintiff James C. Keys brought suit against defendants, Alfred Broussard; the St. Landry Sheriff's Department; and Howard Zerangue, Sheriff of St. Landry Parish; stemming from a shooting which occurred at Broussard's residence. While the facts on this point are sparse, it appears that Keys hired Broussard to paint his wife's car on November 16, 1994. In the process of painting, the car was damaged. After discussing the situation with Keys later that afternoon, Broussard apparently filed a report with the Sheriff's Department, alleging that Keys was harassing him and that he believed that this harassment could result in violence.
The following day, November 17, 1994, Keys went to Broussard's residence to retrieve leftover paint. When Keys knocked on the screen door, Broussard shot him twice. There is no evidence in the record as to any subsequent criminal prosecution of Broussard. On July 3, 1995, Keys filed the present petition, alleging negligence and/or willful misconduct on behalf of Broussard and the Sheriff's Department. The petition was amended on November 16, 1995 to include Sheriff Howard Zerangue as a defendant. Essentially, the petition alleges that, Zerangue and the Sheriff's Department were negligent in not informing Keys of the report filed against him. On December 4, 1995, Zerangue filed a peremptory exception of no cause of action. A hearing was held on June 21, 1996, at which time the trial court granted the exception. Keys now appeals from this ruling.

LAW

PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION
In his only assignment of error, Keys asserts that the trial court erred in granting the peremptory exception of no cause of action. In City of New Orleans v. Board of Com'rs of Orleans Levee Dist., 93-0690 (La.7/5/94); 640 So.2d 237, 241, the supreme court stated:
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true. La. Code Civ.P. arts. 927, 931.
(Citations omitted.) "The main function of a peremptory exception of no right of action is to raise the question of whether a remedy afforded by law can be invoked by a particular plaintiff." Moyers v. Altmann, 594 So.2d 6, 8 (La.App. 3 Cir.1992). Thus, the question for this court is whether Keys' petition, on its face, asserts a cause of action which affords him a remedy in law. We find that it does not.
In Zeagler v. Town of Jena, 556 So.2d 978, 980 (La.App. 3 Cir.1990), writ denied, 560 So.2d 14 (La.1990), this court held that:
To assert a cause of action in negligence, one must allege that a duty existed, that a breach of this duty occurred, and that damages were sustained as a result of the breach of the duty owed. Negligent conduct is a causative fact of harm to another if it was a substantial factor in bringing about that harm. In order to find negligence on the part of defendant, we must first establish whether or not defendant owed a duty to protect plaintiff from the type of harm she suffered.
(Citations omitted.) Thus, in order to state a cause of action, Keys must show that Zerangue owed him a duty to inform him of the report filed by Broussard and that this failure *598 was a causative factor in bringing about Keys' injury.
In Zeagler, 556 So.2d 978, this court further held that the duty of law enforcement officers is that of maintaining peace and order, preventing and detecting crime, and enforcing the law. This duty is owed to the general public but may be transformed into a duty owed to an individual only where a personal or one-on-one relationship arises between an individual and a police officer through closeness in proximity or time. Kendrick v. City of Lake Charles, 500 So.2d 866 (La.App. 1 Cir.1986). The existence of a duty and the scope of liability resulting from the breach of that duty must be determined according to the facts and circumstances of each case. Fowler v. Roberts, 556 So.2d 1 (La.1989). In Dubroc v. Allstate Ins. Co., 93-780 (La.App. 3 Cir. 3/2/94); 633 So.2d 861, 864, this court held that:
When determining the existence or scope of a duty, a court should consider a broad range of social, economic, and moral factors including the cost to the defendant of avoiding the risk and the social utility of the plaintiff's conduct at the time of the accident.
In the present case, Keys claims that Zerangue and the Sheriff's Department owed him a duty to advise him of the report filed by Broussard. We do not agree.
Initially, it must be noted that the allegations in the petition do not make any reference to the proximity in location between the police station and wherever Keys was at the time of the report. Furthermore, assuming that such proximity had been established, to find that Keys asserted a cause of action would be to impose upon the Sheriff's Office a duty to inform all individuals that a complaint against them has been filed. This we cannot do. Moreover, the petition is devoid of any evidence indicating that Keys would return to Broussard's residence, or that the Sheriff's Office had any indication that Broussard would shoot Keys. Based upon these facts, we find that the trial court did not err in granting Zerangue's peremptory exception of no cause of action.

CONCLUSION
For the foregoing reasons, the ruling of the trial court is affirmed. All costs are assessed to the plaintiff.
AFFIRMED.