705 So.2d 1126 (1997)
Richard B. HOLLANDER, Plaintiff-Appellant,
v.
DAYS INN MOTEL, et al., Defendants-Appellees.
No. 97-805.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1997.
Rehearing Denied February 19, 1998.
Anthony Fazzio, Lake Charles, for Richard B. Hollander.
Cyd Sheree Page, Lafayette, for Days Inn Motel, et al.
Shawn Patrick O'Neill, Lafayette, for City of Lafayette.
Douglas Kent Williams, Ronald Armbrust Seale, Baton Rouge, for Festival International De Louisiane, et al.
for Lafayette City Police.
Before THIBODEAUX, AMY and SULLIVAN, JJ.
*1127 SULLIVAN, Judge.
Plaintiff, Richard Hollander, appeals the trial court's grant of summary judgment in favor of defendants, Days Inn Motel and/or Days Inn Motel and Restaurant (Days Inn) and Charles H. Trent, the owner of the Days Inn. For these reasons, we affirm.

FACTS
Hollander, who is originally from Detroit, Michigan but has lived in Germany since 1991, was visiting Lafayette, Louisiana for the Festival International de Louisiane in April 1993. He is an entertainer who was booked by the festival organizers to perform during the festival.
Hollander arrived in Lafayette on April 21, 1993 and spent that night as a guest at a local apartment. The next day, he checked in as a guest at the Days Inn, which is located near the intersection of Interstate 10 and University Avenue. His accommodations at the Days Inn were arranged by festival organizers. That evening, Hollander went jogging in the neighborhood near the Days Inn. While jogging in the 400 block of Martin Luther King, Jr. Drive, Hollander was attacked and beaten by an assailant. The attack occurred approximately 150 yards from the Days Inn premises. He suffered injuries as a result of the accident.
On April 7, 1994, Hollander filed suit against Days Inn, Trent, E. Morris, Le Centre International de Lafayette, Festival International de Louisiane, the City of Lafayette, Lafayette City Police and the Parish of Lafayette. He asserted that the defendants were liable for their failure to warn of the dangerous nature of the area around the Days Inn and their failure to provide security. After taking Hollander's deposition, Days Inn and Trent filed a motion for summary judgment in which they asserted the facts were undisputed that the attack occurred off of Days Inn premises and that the attacker was not linked to the Days Inn. Additionally, the movers maintained that they owed no duty to warn Hollander or to protect him from an attack which occurred 150 yards from the motel's premises.
After hearing arguments of counsel on February 3, 1997, the trial court granted the motion for summary judgment. On appeal, Hollander contends the trial court erred in finding that the movers met their burden of proof. He also contends that a material issue of fact exists regarding the Days Inn's and Trent's alleged negligence in failing to warn him of the danger of physical assault in and around the motel.

LAW
The appellate review of summary judgment is a de novo review. Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94); 639 So.2d 730. On review, we apply the same legal standards as did the trial court. Potter v. First Federal Savings & Loan, 615 So.2d 318 (La.1993). In this regard, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Summary judgment procedure is now favored, and it shall be construed to "secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La.Code Civ.P. art. 966(A)(2).
The mover's burden of proof is explained in paragraph C of Article 966 as follows:
(1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or *1128 defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Subparagraph (C)(2), enacted pursuant to Act 483, § 1, of 1997, effective July 1, 1997, was intended to clarify Act 9, § 1, of the 1996 First Extraordinary Session and legislatively overrule all cases inconsistent with Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, writ denied, 97-281 (La.3/14/97); 690 So.2d 41. Act 9 of the 1996 First Extraordinary Session changed summary judgment law in two ways: (1) supporting documents should now be equally scrutinized, and (2) the overriding presumption in favor of trial on the merits no longer applies. Id.
We must review the summary judgment with reference to the substantive law applicable to the case. To affirm summary judgment, we must find that reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court. Washington v. State, Dept. of Transp. & Development, 95-14 (La.App. 3 Cir. 7/5/95); 663 So.2d 47, writ denied, 95-2012 (La.11/13/95); 664 So.2d 405.
The pertinent facts are not in dispute. Hollander was a guest of the Days Inn. He went jogging in the area around the Days Inn and was attacked approximately 150 yards from the premises on a city street. The Days Inn did not warn him of any danger he might encounter while jogging on Martin Luther King, Jr. Drive.
An innkeeper is not an insurer of his guests against the risk of injury or loss of property that may occur as a result of violent crime. However, the duty of an innkeeper toward his guests is to provide a high degree of care and protection. This duty is similar to that of a common carrier toward its passengers. Kraaz v. LaQuinta Motor Inns, Inc., 410 So.2d 1048 (La.1982); Franklin v. Paul Dupuis & Associates, 543 So.2d 970 (La.App. 3 Cir.), writ denied, 545 So.2d 1042 (La.1989). In Banks v. Hyatt Corp., 722 F.2d 214 (5th Cir.1984), the United States Fifth Circuit Court of Appeals held that, under Louisiana law, this duty can extend to adjacent property if the innkeeper knows of a dangerous condition on the adjacent property and does not warn invitees or take any other reasonable preventive action. The court reasoned:
Holding a negligent innkeeper liable when there is a third-party assault on the premises is sensible, not because of some abstract conceptual notion about the risk arising within "the course of the relation," but because the innkeeper is able to identify and carry out cost-justified ("reasonable") preventive measures on the premises. If the innkeeper has sufficient control of property adjacent to his premises so that he is capable of taking reasonable actions to reduce the risk of injury to guests present on the adjacent property, the innkeeper should not be immune from liability when his failure to take such actions results in an injury to a guest.
Id. at 226-27 (emphasis added).
In Banks, the court affirmed a finding that the Hyatt was liable for the shooting death of plaintiffs' decedent at the hands of a third party. The shooting occurred four feet from the hotel's entrance doors on property owned by the hotel's landlord. In the present case, the attack occurred 150 yards off of the Days Inn premises on public property that is not adjacent to the Days Inn. The Days Inn and Trent did not have "sufficient control" of this property which would have rendered it capable of taking any action to reduce their guests' risk while on the property. The Days Inn and Trent owed no duty to Hollander. Therefore, summary judgment was proper.

DECREE
For the foregoing reasons, we affirm the trial court's summary judgment rendered in favor of defendants, Days Inn Motel and/or Days Inn Motel and Restaurant and Charles H. Trent. Costs of these proceedings are to be paid by plaintiff, Richard Hollander.
AFFIRMED.