DOUCET, Chief Judge.
The Plaintiffs appeal the trial court’s dismissal of their claims pursuant to a motion for summary judgment.
The underlying facts of this case are not in dispute. On January 14, 1996, Jason Dona-hoe, a minor, gave a party at his parents’ camp about five miles outside Natchitoches, Louisiana. His parents did not know about the party. Rob Posey, also a minor, co-hosted the party and obtained alcoholic beverages for consumption at the party. Each person invited was asked to contribute five dollars for this purpose. Jason and Rob each testified, via deposition, that the alcohol was intended for the consumption of those people who contributed toward its purchase. Both stated that fethey were not aware that anyone other than those who paid drank any of the alcohol they provided.
Thirty to forty people attended the party. Chris Parker, then nineteen years old, was not invited to the party but learned about it through a friend. He drove there in his own vehicle with several friends as passengers. He asked for a beer, and Timothy Lee Dale told him that he needed to pay five dollars if he wanted to drink the beer provided by Jason and Rob. He did not have any money *40 but drank approximately six beers from the stock provided by Jason and Rob. He also drank three or four shots of the scotch that he brought with him. Rob testified that, at some time during the evening, Chris’s girlfriend asked him to take Chris’s keys away. Rob stated that Chris appeared to be very drunk at that time. He tried to find the keys but was unable to. He did not notice when Chris left. Chris testified that he left the party at about 10:00 p.m. Timothy Dale left with him and was a passenger in Chris’s car when the car left the pavement and struck a culvert.
Subsequently, Connie Guy, individually and as natural tutrix of Timothy Lee Dale, sued Chris Parker and his insurer. The suit was later amended to add claims against Edwin Donahoe, father of Jason and Jared Donahoe, his insurer, and Lee Posey, father of Rob Posey, and his insurer. Donahoe and Posey filed a motion for summary judgment alleging that their sons, as minors, had no duty not to give Chris Parker alcohol. The trial court, finding no material issue of fact remaining, found that the movers were entitled to judgment as a matter of law and granted the motion and dismissed Guy’s claims against Donahoe and Posey. Guy appeals.
On appeal, Guy asserts that the trial court erred in granting the motion for summary judgment and in failing to find a duty on the part of the party hosts to ^monitor consumption of alcoholic beverages by underage individuals at the party and to prohibit impaired individuals from driving.
This Court in Hollander v. Days Inn Motel, 97-805, pp. 3-4 (La.App. 3 Cir. 12/10/97); 705 So.2d 1126, 1127-28, discussed the review of summary judgments where, as here, the dispute is one of law rather than of fact:
The appellate review of summary judgment is a de novo review. Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94); 639 So.2d 730. On review, we apply the same legal standards as did the trial court. Potter v. First Federal Savings & Loan, 615 So.2d 318 (La.1993). In this regard, summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. Code Civ.P. art. 966(B). Summary judgment procedure is now favored, and it shall be construed to “secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969.” La.Code Civ.P. art. 966(A)(2).
The mover’s burden of proof is explained in paragraph C of Article 966 as follows:
(1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Subparagraph (C)(2), enacted pursuant to Act 483, § 1, of 1997, effective July 1, 1997, was intended to clarify Act' 9, § 1, of the 1996 First Extraordinary Session and legislatively overrule all cases inconsistent with Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, writ denied, 97-0281 (La.3/14/97); 690 So.2d 41. Act 9 of the 1996 First Extraordinary Session changed summary judgment law [jin two ways: (1) supporting documents should now be equally scrutinized, and (2) the overriding presumption in favor of trial on the merits no longer applies. Id.
We must review the summary judgment with reference to the substantive law appli *41 cable to the ease. To affirm summary judgment, we must find that reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court. Washington v. State, Dept. of Transp. & Development, 95-14 (La.App. 3 Cir. 7/5/95); 663 So.2d 47, writ denied, 95-2012 (La. 11/13/95); 664 So.2d 405.
Our determination whether summary judgment is appropriate here turns on substantive law. The question before us is whether a minor who obtains alcohol and furnishes it to another person, who is under the legal drinking age, is liable for the tortious behavior of that person resulting from his or her consumption of alcohol.
Guy argues that the supreme court in Manuel v. State, 95-2189 (La.7/2/96); 677 So.2d 116 “enunciated a standard of conduct that underage/inexperience [sic] drivers should not be allowed to consume alcoholic beverages and drive on the public highways.” She further argues that when it said that “when under-aged persons drink alcohol at home or with parents or guardians, theoretically their parents or guardians are not likely to allow them to drive on the highways after such drinking,” the court intended to place a duty on social hosts in private settings to monitor the consumption of alcohol by underage persons and to prohibit them from driving when impaired. We disagree with this interpretation of Manuel.
The court’s decision in Manuel concerned the constitutionality of La. Acts 1995, No. 639, which amended and reenacted La.R.S. 26:90A(l)(a) and (b), and 26:286A(l)(a) and (b), enacted La.R.S. 14:93.10-93.14, and repealed La.R.S. 14:91.1-91.5. This act imposed penalties for selling alcoholic beverages to persons less than twenty-one years of age, thus closing the previous “loophole” which had fcmade the minimum drinking age law unenforceable as a practical matter. The language referred to by Guy was used by the court to explain why the act was not rendered unconstitutional by the exception that allows sale of liquor to persons under twenty-one when accompanied by a parent or guardian. The court did not have before it the question of whether the statute imposed a duty on a minor who obtained alcoholic beverages not to provide those beverages to other underage persons. Nothing in the language of the case suggests that the court intended to hold social hosts who are minors responsible for the actions of other underage persons to whom they provide alcoholic beverages.
This court in Hopkins v. Sovereign Fire & Cas. Ins. Co., 626 So.2d 880 (La.App. 3 Cir.1993), writs denied, 93-2958 (La.3/11/94); 634 So.2d 402 and 94-154 (La.3/11/94); 634 So.2d 390, considered the question of whether a fourteen-year-old girl, who provided alcoholic beverages to another teenager, could be held liable for damages that occurred when that teenager drove while intoxicated. The court stated that, although the law as written at that time prohibited a minor from purchasing or possessing alcoholic beverages, it did not impose on them a duty not to share it with their friends. The court stated that: “Gresham [v. Davenport, 537 So.2d 1144 (La.1989)] held that purchasing did not equate to distribution, and. we similarly construe the prohibition against possession.” Id. at 887.
The plaintiff argues that the legislature’s enactment of La.R.S. 14:93.10-93-14[1] evidences the intent of the legislature to impose such a duty. These statutes clearly prohibit persons under the age of twenty-one from purchasing or publicly possessing alcoholic beverages. They also prohibit anyone, with certain exceptions, from ^purchasing alcohol on behalf of persons under the age of twenty-one. Guy does not argue that anyone purchased alcohol on behalf of Chris Davis. We find nothing in La.R.S. 14:98.10-98.14 which, as the court stated in Hopkins, imposes upon minors a duty not to share alcohol with their friends.
Accordingly, we find that the trial court correctly found that Donahoe and Posey were entitled to summary judgment as a matter of law.
As a result, we affirm the judgment of the trial court. We assess costs of this appeal to the Appellants.
AFFIRMED.
AMY, J., concurs and assigns reasons.
*42 ^APPENDIX
La.R.S. 14:93.10. Definitions
For purposes of R.S. 14:93.10 through 93.14, the following definitions shall apply:
(1) “Purchase” means acquisition by the payment of money or other consideration. Purchase does not include such acquisition for medical purposes either when purchased as over the counter medication or when prescribed or administered by a licensed physician, pharmacist, dentist, nurse, hospital, or medical institution.
(2) “Public possession” means the possession of any alcoholic beverage for any reason, including consumption, on any street or highway or in any public place or any place open to the public, including a club which is de facto open to the public. “Public possession” does not include the following:
(a) The possession or consumption of any alcoholic beverage:
(i) For an established religious purpose.
(ii) When a person under twenty-one years of age is accompanied by a parent, spouse, or legal guardian twenty-one years of age or older.
(iii) For medical purposes when purchased as an over the counter medication, or when prescribed or administered by a licensed physician, pharmacist, dentist, nurse, hospital, or medical institution.
(iv) In private residences.
(b) The sale, handling, transport, or service in dispensing of any alcoholic beverage pursuant to lawful ownership of an establishment or to lawful employment of a person under twenty-one years of age by a duly licensed manufacturer, wholesaler, or retailer of beverage alcohol.
(3) “Alcoholic beverage” means beer, distilled spirits, and wine containing one-half of one percent or more of alcohol by volume. Beer includes but is not limited to ale, lager, porter, stout, sake, and other similar fermented beverages brewed or produced from malt wholly or in part or from any substitute therefor. Distilled spirits include alcohol, ethanol, or spirits or wine in any form, in-eluding all dilutions and mixtures thereof from whatever process produced.
La.R.S. 14:93.11. Unlawful sales to persons under twenty-one
A. Unlawful sales to persons under twenty-one is the selling or otherwise delivering for value of any alcoholic beverage to any person under twenty-one years of age unless such person is the lawful owner or lawful employee of an establishment feto which the sale is being made and is accepting such delivery pursuant to such ownership or employment. Lack of knowledge of the person’s age shall not be a defense.
B. Whoever violates the provisions of this Section shall be fined not more than one hundred dollars or imprisoned for not more than six months, or both.
La. R.S. 14:93.12. Purchase and public possession of alcoholic beverages; exceptions; penalties
A. It is unlawful for any person under twenty-one years of age to purchase or have public possession of any alcoholic beverage.
B. (1) Whoever violates the provisions of this Section shall be fined not more than one hundred dollars or imprisoned for not more than six months, or both.
(2) Any person apprehended while violating the provisions of this Section shall be issued a citation by the apprehending law enforcement officer, which shall be paid in the same manner as provided for the offenders of local traffic violations.
La.R.S. 14.93.13. Unlawful purchase of alcoholic beverages by persons on behalf of persons under twenty-one
A. It is unlawful for any person, other than a parent, spouse, or legal guardian, as specified in R.S. 14:93.10(2)(a)(ii), to purchase on behalf of a person under twenty-one years of age any alcoholic beverage.
B. Whoever violates the provisions of this Section shall be fined not more than five hundred dollars or imprisoned for not more than thirty days, or both.
La.R.S. 14:93.14. Responsibilities of retail dealers not relieved
Nothing in R.S. 14:93.10 through 93.13 shall be construed as relieving any licensed *43 retail dealer in alcoholic beverages any responsibilities imposed under the provisions of Title 26 of the Louisiana Revised Statutes of 1950.

. The text of these statutes has been attached hereto as an appendix.