11 SAUNDERS, Judge.
Richard Hollander (hereinafter “Plaintiff’) appeals the trial court’s grant of summary judgment in favor of Defendants, Festival International de Louisiane (the Festival), City of Lafayette, Parish of Lafayette, and the Lafayette City Police. For the following reasons, we affirm.
*240 FACTS
Plaintiff, a United States Citizen residing in Germany, was visiting Lafayette in April 1993, to perform in the Festival International de Louisiane. Plaintiff was a member of musical quartet booked to perform by the organizers of the Festival. Upon arrival in Lafayette on April 21, 1993, Plaintiff and the other members of the quartet were given accommodations for the evening in a local apartment arranged by the Festival’s organizers. The following day Plaintiff and fellow members of the quartet were taken to the Festival’s sight where they were instructed about arrangements for the Festival. Following this instruction, Plaintiff and the rest of the | a quartet were taken to the Days Inn located near Interstate 10 and University Avenue. These accommodations were also arranged by the Festival’s organizers. After checking in, Plaintiff went for a jog in the neighborhood surrounding the motel. While returning from his jog, Plaintiff was assaulted and beaten approximately one hundred and fifty yards from the hotel in the 400 block of Martin Luther King Boulevard. Plaintiff suffered injuries to the right eye and right side of his face as result of the assault.
On April 7, 1994, Plaintiff filed suit against Days Inn, Trent E. Morris, Le Centre International de Lafayette, Festival International de Louisiane, the City of Lafayette, Lafayette City Police, and the Parish of Lafayette. Plaintiff alleged that Defendants were liable for failure to warn of the danger in the area around the Days Inn and for failure to provide security. Defendants, Days Inn and Trent E. Morris, filed a motion for summary judgment asserting that it was undisputed that the attack occurred off Days Inn property and the attacker was not in any way linked with the Days Inn. It was further asserted that no duty was owed by Days Inn and Trent E. Morris to warn Plaintiff of or protect him from an attack that occurred one hundred and fifty yards away from the Days Inn property. After arguments were heard on February 3, 1997, the trial courted ruled in favor of Defendants, Days Inn and Trent E. Morris, on the motion of summary judgment. We affirmed the trial court’s decision in Hollander v. Days Inn Motel, et. al, 97-805 (La.App. 3 Cir. 12/10/97); 705 So.2d 1126, writ denied, 98-0746 (La.5/1/98); 718 So.2d 417.
The current Defendants filed for a summary judgment and arguments on this motion were held on April 27, 1998. The trial court granted the summary judgment on May 21, 1998. Plaintiff now appeals the trial court’s grant of summary judgment.
ISSUES FOR REVIEW
Plaintiff asserts three issues for review in trial court’s grant of summary 1 ¿judgment:
A. Did the trial court base its decision upon undisputed material facts in the record?
B. Did the trial court improperly evaluate and reconcile evidence in granting appellees’ motion?
C. Did the trial court in finding no duty exists as a matter of law on the part of appellees?
STANDARD OF REVIEW
The appellate review of summary judgment is a de novo review. Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/15/94); 639 So.2d 730. On review we apply the same legal standards as did the trial court. Potter v. First Fed. S & L, 615 So.2d 318 (La.1993). Summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ.P. art. 966(B). Summary judgment is now favored and shall be construed to “secure the just, speedy, and inexpensive determination of every action, except those disallowed by *241 article 969_” La.Code Civ.P. art. 966(A)(2).
Article 966(C) establishes the burden of proof necessary for summary judgment as follows:
(1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one Lor more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Subparagraph (C)(2), enacted pursuant to Act 488, § 1, of 1997, effective July 1, 1997, clarified Act 9, § 1, of the 1996 First Extraordinary Session and legislatively overruled all cases inconsistent with Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 686 So.2d 691, writ denied, 97-28Í (La.3/14/97); 690 So.2d 41. Act 9 changed summary judgment in two ways: (1) supporting documents should now be equally scrutinized, and (2) the overriding presumption in favor of trial on the merits no longer applies. Id.
Review of summary judgment must be done in reference to substantive law applicable to the case. For summary judgment to be affirmed, it must be decided that reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court. Washington v. State of Louisiana, Dep’t of Transp., 95-14 (La.App. 3 Cir. 7/6/95); 663 So.2d 47, writ denied, 95-2012 (La.11/13/95); - 664 So.2d 405.
MATERIAL FACTS IN DISPUTE
Plaintiff first asserts the trial court was in error in granting summary judgment because there were material facts in dispute. Plaintiff claims the trial court’s finding that Plaintiff was under contract with the Festival as a performer is unsupported by evidence in the record. Plaintiff bases this assertion on the fact that he did not sign the contract with the Festival and his name is not mentioned in the contract. Since review of a summary judgment is a de novo review we must look to the record. Plaintiff testified that he was in Lafayette to perform with a quartet headed by Steve Huben. The contract was signed by Steve Huben and specifically mentions the Steve Huben quartet. This admission by Plaintiff that he was here to work solely with the IsSteve Huben quartet coupled with the contract signed by Steve Huben on behalf of the quartet leaves no question that Plaintiff was a performer contracted to perform with the Festival.
Plaintiff alleged that the trial court was wrong in finding that “the contract clearly states that the festival did not assume or agree in any manner to provide security and/or protection to any of the performers.” Plaintiff asserts in his brief that “[tjhose ideas are not found anywhere in the contract.” Again it is necessary for us to look to the record. In looking at the contract, we take note of paragraph XVII which states:
It is agreed and understood that Festival shall not be responsible for any damage or injury caused to Artist, its members, representatives, agents and/or associates occurring during or in conjunction with these entities’ or persons’ stay in Louisiana and/or in conjunction with the Performance. Artist and its members, representatives, agents and/or *242 associates hereby assume the risk of all such damage or injury.
This section of the contract expressly disclaims any responsibility for the well being of the performer. There is no evidence of any other agreement, oral or written, to provide for security. The testimony of Phillipe Gustin, President of the Board of Directors of the Festival, verifies no alternative agreements to provide security. There is no showing by the Plaintiff of any evidence tending to establish an agreement to provide security. The only evidence before the court establishes no agreement to provide security and is undisputed by the lack of any evidence by the Plaintiff to the contrary.
Plaintiffs final assertion on the facts concerns the trial court’s determination that the attack took place a “considerable distance from the Festival location.” Plaintiff asserts that there is no evidence in the record that establishes the Festival’s boundaries or that establishes the attack took place a “considerable distance” from the Festival. The testimony of Chief Crenshaw of the Lafayette police force clearly | ^establishes the boundaries of the Festival at that time as being “Lee Avenue, up around the Baptist church, across Main to Vermillion up to Cathedral Car-mel, back up to Lafayette Street stage area, which is Main and Lafayette and draw a circle back down in front of Dwyers in front of Garfield and back to Lee Avenue.” The Chief then testified that the distance to where the attack occurred was “[a] considerable drive, ten minutes or more.” This testimony, in conjunction with the testimony of Mr. Gustin that none of the Festival activities took place near or around the Days Inn motel where Plaintiff was staying, is clear evidence that the attack took place a “considerable distance from the Festival location.” We find there are no facts in dispute in this case.
EVALUATION OF EVIDENCE
Plaintiff additionally claims that the trial court improperly acted as a trier of fact in evaluating evidence for the summary judgment. Plaintiff contends that the trial court’s decision that Plaintiff “was an entertainer with whom the Festival had contracted to perform” required the trial court to reconcile inconsistencies in testimony and fact. In reviewing the record we find that Plaintiff testified that he was to perform as part of a quartet under the direction of Steve Huben and that Steve Huben had made all arrangements on behalf of the quartet. This testimony, combined with the contract signed by Steve Huben, on behalf of the Steve Huben quartet, are clearly consistent facts on which the trial court based its conclusion that Plaintiff “was an entertainer with whom the Festival had contracted to perform.” Plaintiffs testimony disassociating himself with the contract signed by Steve Huben does not create an inconsistency. Plaintiff admitted to an agreement, between Steve Huben and Plaintiff, to perform in a quartet lead by Steve Huben, at a performance set up by Steve Huben. Steve Huben, by Plaintiffs own testimony, was left in charge of all arrangements, including arrangement of terms and signing of the contract. Steve |7Huben signed the contract on behalf of the quartet, and Plaintiff being a member of said quartet is bound by the contract.
Plaintiff also alleges that the trial court committed error in interpreting the alleged statement of a volunteer with the Festival. Plaintiff asserts that the volunteer’s statement was open to interpretation favorable to either side and the trial court, by interpreting it in a manner favorable to Defendants, violated the prohibition against evaluating testimony in a summary judgment proceeding. In reference to the introduction of affidavits in a summary judgment proceeding La.Code Civ.P. art. 967 states in pertinent part that “[s]up-porting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence.... ” Plaintiffs testimony as to the volunteer’s statement is clearly hear *243 say and does not “set forth such facts as would be admissible in evidence.” Further, the testimony of the Plaintiff states clearly that he did not ask anyone about the safety of running nor could he say with certainty that the volunteer said that Lafayette is safe. Instead, Plaintiff stated that the volunteer told him “[t]his is a beautiful place. We love it here. It’s great here.” Plaintiff is asserting this statement as proof that the Festival owed a duty to him. Plaintiffs own testimony as to the alleged statement of the volunteer does not set forth an issue of genuine material fact to support his claim. The alleged statement was, by Plaintiffs own admission, one that clearly informed Plaintiff of the volunteer’s opinion of living in Lafayette, not a statement intended to inform Plaintiff of the safety of the area.
Plaintiff additionally claims that the trial court interpreted the contract contrary to its terms. Since a reviewing court may not weigh conflicting evidence on a material fact, and where this court finds an insufficient record to dispose of this conflicting evidence, a trial on the merits is the only appropriate recourse. Quigley v. T.L. James & Co., Inc., 595 So.2d 1235 (La.App. 5 Cir.1992). The only evidence |sin the record is the contract itself. Section I of the contract states “The Festival agrees to pay Artist a total fee of $2,400.00 (“Fee”), in United States currency, for the Performance.” Section III of the contract, dealing with lodging and transportation, starts “[i]n addition to the compensation and provisions noted above.” The trial court concluded that “the Festival gratuitously arranged accommodations and provided transportation for the performers.” We cannot agree with this conclusion. This is clearly an additional term enforceable in the contract which has monetary value and cannot be considered gratuitous as the Festival has bound itself contractually to provide these additional benefits to the performers. In order for these benefits to be gratuitous it would be necessary that the Festival was under no obligation to provide these benefits but did so anyway. That is not the case here where there is a written contract calling specifically for these benefits to be provided for the performers at the expense of the Festival. We find the trial court’s conclusion that the lodging and transportation were gratuitous is in direct contradiction to the evidence and is clearly wrong.
Even a finding that the Festival was contractually bound to provide lodging does not remove the Plaintiffs burden of proving that the Festival had a duty to protect or warn Plaintiff. As we have stated before, paragraph XVII of the contract clearly states:
It is agreed and understood that Festival shall not be responsible for any damage or injury caused to Artist, its members, representatives, agents and/or associates occurring during or in conjunction with these entities’ or persons’ stay in Louisiana and/or in conjunction with the Performance. Artist and its members, representatives, agents and/or associates hereby assume the risk of all such damage or injury.
This provision clearly states that the Festival assumes no responsibility for Plaintiff in regards to his safety during his stay in Lafayette. The contractual duty of the Festival is solely to provide lodging and transportation. We interpret this to mean | treasonably safe lodging and transportation. The duty of an innkeeper to his guest was set out in Kraaz v. La Quinta Motor Inns, Inc., 410 So.2d 1048, 1053 (La.1982), which states “[a] guest is entitled to a high degree of care and protection. See Galland v. New Orleans Public Service Inc., 377 So.2d 84 (La., 1979), and Green v. TACA 304 So.2d 357 (La., 1974). The innkeeper has a duty to take reasonable precautions against criminals.” In Banks v. Hyatt Corp., 722 F.2d 214 (5th Cir.1984), the United States Fifth Circuit Court of Appeals expanded the duty of innkeepers to their patron by their decision which states:
*244 Holding a negligent innkeeper liable when there is a third-party assault on the premises is sensible, not because of some abstract conceptual notion about the risk arising within “the course of the relation,” but because the innkeeper is able to identify and carry out cost-justified (“reasonable”) preventive measures on the premises. If the innkeeper has sufficient control of property adjacent to his premises so that he is capable of taking reasonable actions to reduce the risk of injury to guests present on the adjacent property, the innkeeper should not be immune from liability when his failure to take such actions results in an injury to a guest.
Id. at 226-27 (emphasis added).
The motel is responsible to its patrons to provide “preventive measures on the premises,” and “[i]f the innkeeper has sufficient control of property adjacent to his premises so that he is capable of taking reasonable actions to reduce the risk of injury to guests present on the adjacent property, the innkeeper should not be immune from liability when his failure to take such actions results in an injury to a guest.” Id. at 226 (emphasis added). The innkeeper must take reasonable actions to reduce the risk of injury if they have sufficient control to do so. In the case sub judice, the motel did not have control of the surrounding area but the Festival did have control over where to lodge Plaintiff. The Festival was obligated under the contract to provide lodging and as the host was responsible for placing Plaintiff in lodging that a reasonable person would find secure. A motel cannot simply pick up and move to a safer area 1 mbut the Festival could have picked a motel in a safer area, or failing that issued a warning to Plaintiff to be aware that they were being housed in an area that the Festival knew or should have known to be an unreasonably dangerous area, if in fact that was the case. Plaintiff has introduced evidence through Chief Crenshaw’s testimony that the region surrounding the motel was one of the most dangerous areas in Lafayette. Whether or not the region was unreasonably dangerous to such a degree that the Festival was negligent in placing Plaintiff there or owed Plaintiff a duty to warn of the dangers is a question of fact properly to be determined in a trial on the merits. Accordingly summary judgment in favor of The Festival International de Louisiane is improper and we reverse.
DUTY AS A MATTER OF LAW
Plaintiff alternatively claims that the trial court erred in not finding that Defendants owed a duty to Plaintiff as a matter of law. Plaintiff claims that the trial court should not have restricted the inquiry to deciding if the Defendants had a duty to protect Plaintiff, but instead should also have considered whether the Defendants had a duty to avoid negligently misrepresenting the facts of the situation. Plaintiff relies on the fact that the Festival agreed to provide transportation and lodging to create what could best be called a duty to warn. Plaintiff in support of this contention points to La.Civ.Code art. 2315 which states in part “[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.” Additionally Plaintiff calls attention to La.Civ.Code art. 2316 which states “[e]very person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.” Plaintiff claims that these articles stand for universal principles that extend beyond the duty to protect. Plaintiff cites Palsgraf v. Long Island R. Co., 248 N.Y. 339, 162 N.E. 99 (1928), where the court in this case noted “everyone owes to the world at large the duty of refraining from Inthose acts that may unreasonably threaten the safety of others.” Plaintiff claims that the alleged duty to warn has been addressed in Young v. Oberhelman, 607 So.2d 719 (La.App. 4 Cir. 1992), and refers to language in which the court found La.Civ.Code arts. 2315 & 2316 state: “afford a broad ambit of protection for persons negligently damaged by acts of *245 others sufficient to encompass a cause of action for negligent misrepresentation .... ” Id. at 721, quoted in, Payne v. O’Quinn, 565 So.2d 1049, 1053 (La.App. 3 Cir.1990). Both of these case involved the duty of termite inspectors to correctly inform plaintiffs in the case about the termite problems that were present at the time. Plaintiff neglects to include the rest of the passage from Young which states: “provided the plaintiffs can prove the following elements: (1) the defendant owed a duty to supply correct information, (2) the defendant breached that duty, and (3) the plaintiff suffered damages because of the breach.” Id. at 721. It is on the first point, of owing a duty to supply information, that Plaintiff is relying to defeat the motion for summary judgment. As Defendants have stated in their brief, “it is well settled that there is no duty to control, or warn against the criminal actions of a third person so as to prevent him from causing physical injury to another, unless some special relationship exists to give rise to such a duty.” Corley v. Delaney, 629 So.2d 1255 (La.App. 3 Cir.1993), Parmer v. Suse, 94-2200 (La.App. 1 Cir.); 657 So.2d 666, writ denied, 95-1853 (La.11/3/95); 662 So.2d 10; Smith v. Howard, 489 So.2d 1037 (La.App. 1 Cir.1986). Examples of special relationships are between parent and child; employer and employee; carrier and passenger; innkeeper and guest; shopkeeper and business visitor; restaurateur and patron; jailor and prisoner; and teacher and pupil. Corley, 629 So.2d 1255; Haskins v. State Farm Fire & Cas. Co., 612 So.2d 990 (La.App. 2 Cir.1993). Parmer v. Suse, 657 So.2d at 669, 670. In the case sub judice there is evidence of such a relationship only with regard to the Festival. As to a duty between Plaintiff and the City/Parish of Lafayette this court lejías held:
The duty of law enforcement officers is that of maintaining peace and order, preventing and detecting crime, and enforcing the law. This duty is owed to the general public but may be transformed into duty owed to an individual only where a personal or one-on-one relationship arises between an individual and a police officer through closeness in proximity or time.
Zeagler v. Town of Jena, 556 So.2d 978 (La.App. 3 Cir.1990), writ denied, 560 So.2d 14 (La.1990); Keys v. Broussard, 96-1379 (La.App. 3 Cir. 3/5/97); 692 So.2d 596. Unless a plaintiff can prove that a police department owed him a special duty outside the one owed to the general public, he cannot recover. Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97); 702 So.2d 323; Fusilier v. Russell, 345 So.2d 543 (La.App. 3 Cir.), writ denied, 347 So.2d 261 (La.1977); Lotue v. Patterson, 492 So.2d 110 (La.App. 1 Cir.), writ denied, 496 So.2d 355 (La.1986). There is no evidence in the record to show any such special duty to Plaintiff. The attack occurred away from the Festival grounds as testified to by Chief Crenshaw. Chief Crenshaw also testified that security provided by the police has “always been centered around the actual Festival grounds.” This attack was one hundred and fifty yards from the motel where the Plaintiff was staying. In earlier proceedings in this same case, 97-805 (La.App. 3 Cir. 12/10/97); 705 So.2d 1126, writ denied, 98-746 (La.5/1/98); 718 So.2d 417, the trial court decided the distance involved removed any duty for the motel to provide security for Plaintiff. This court affirmed the lower courts grant of summary judgment in this case as to the motel and its operator stating that the distance from the motel removed any special duty toward Plaintiff. Security provided by the City/Parish of Lafayette was centered around the Festival and the attack occurred at a much greater distance than one-hundred-and-fifty yards away from the Festival site, such that there was no special duty to Plaintiff.
DECREE
11sFor the foregoing reasons the trial court’s grant of summary judgment is affirmed with regard to the City/Parish of *246 Lafayette and reversed with regard to The Festival International de Louisiane. Costs of appeal to be split equally between Plaintiff and The Festival International de Louisiane.
AFFIRMED IN PART. REVERSED IN PART.