# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-1244

**MARKEL DOMINO**

**VERSUS**

**CROWLEY CITY POLICE DEPT., ET AL**

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO.82953
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

**SYLVIA R. COOKS**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks and Elizabeth A. Pickett, Judges.

**AFFIRMED**

Thomas R. Galloway, Jr.
Britney L. Hebert
Galloway Jeffcoat, L.L.P.
P.O. Box 61550
Lafayette, LA 70590-1550
(337) 984-8020
Attorneys For Markel Domino

James L. Pate
Sara B. Rodrigue
Laborde & Neuner
P.O. Drawer 52828
Lafayette, LA 70505-2828
(337) 237-7000

and

Thomas K. Regan
P.O. Drawer 688
Crowley, LA 70527-0688
(337) 783-7141
Attorneys For City of Crowley, Lynette Nickel and Glenn Deville

**COOKS, J.**

## FACTS AND PROCEDURAL HISTORY

In response to a 911 emergency call from Ms. Shameka Johnson (Johnson) on June 20, 2004, two Crowley city police officers, Wayne Perry (Officer Perry) and Donald Vail (Officer Vail), were dispatched to her residence. Johnson made the call because she and her boyfriend, Mr. Markel Domino (Plaintiff), were engaged in a verbal altercation and he refused to leave the residence. Johnson requested police help because she feared Plaintiff might become physically violent, though she informed the police Plaintiff was not being physically violent at that time. Upon being dispatched in response to the 911 call, Officer Perry requested a warrant check on both Johnson and Plaintiff and was advised of an outstanding warrant against Plaintiff for failure to appear in court on a charge of simple battery. Upon arrival at the residence, Officer Perry observed Johnson and Plaintiff embroiled in a heated argument. He spoke to Johnson who then took the children outside. Officer Perry informed Plaintiff he was placing him under arrest as a result of an outstanding arrest warrant. Plaintiff protested claiming he had a receipt showing the warrant was dismissed. Officer Perry did not believe Plaintiff because the warrant had just come in to the city police station that morning. In the midst of an emotionally charged situation and faced with Plaintiff screaming, yelling, and refusing to calm down, the officer did not allow Plaintiff to leave the room in order to produce the alleged documentation. Because these events occurred on a Sunday, the officer could not call in to find out whether the warrant was recalled.

Officer Perry advised Plaintiff he was placing him under arrest and attempted to take Plaintiff into custody. Plaintiff physically shoved and pushed him away in an effort to evade arrest. As Plaintiff turned to flee, Officer Perry grabbed him around

1

the waist from behind and tackled him to the floor. Officer Vail arrived upon the scene at the same time that Plaintiff pushed Officer Perry. Observing this action, Officer Vail rushed forward to assist Officer Perry and helped to subdue Plaintiff. Officer Vail held Plaintiff with his arm around Plaintiff's neck. As Plaintiff continued to physically resist, Officer Vail used his pepper spray from a close range in order to subdue Plaintiff and effectuate the arrest. Plaintiff was given water to rinse his eyes at the scene and then transported to the Crowley Police Department. He was booked and then transferred to the custody of the Acadia Parish Sheriff's Office Correctional Facility. On Monday morning, Plaintiff received routine medical attention at the correctional facility. Following a seventy-two-hour hearing, Plaintiff was released on bond posted by Johnson.

At the seventy-two hour hearing it was determined that the outstanding arrest warrant had in fact been recalled by the district judge before Plaintiff's arrest but the Crowley City Clerk's Office had failed to follow through by removing the warrant from the active list. Officer Perry testified he did not make any inquiry as to whether the arrest warrant upon which he acted had been recalled. After turning Plaintiff over to the custody of the Sheriff's Office, Officer Perry and Officer Vail had no further contact with Plaintiff and performed no further duties regarding Plaintiff.

Plaintiff filed an action for damages on March 4, 2005, against the City of Crowley, alleging the arresting officers used excessive force and alleging false arrest because the warrant had been recalled prior to his arrest. Plaintiff amended his suit on May 16, 2007, adding as a defendant the Crowley City Clerk of Court, Ms. Lynette Nickel (Nickel), in her official capacity, alleging she and/or her employees negligently failed to recall the arrest warrant. Plaintiff again amended his suit on July 17, 2009, adding as defendants the Crowley City Marshall, Mr. Glen Deville

2

(Deville), in his official capacity, alleging he and/or his employees negligently failed to recall the arrest warrant.

The trial court granted the defendants' motion for summary judgment on the issue of the validity of the arrest, finding the arrest made pursuant to the recalled warrant was valid. The remaining issues were fixed for trial, and the court subsequently granted a directed verdict dismissing Nickel and Deville, finding they were judicially immune from suit for the conduct alleged. The trial court rendered judgment in favor of the other defendants, finding they were not liable because Plaintiff resisted a lawful arrest made pursuant to an ostensibly valid warrant and caused his own injuries. It further found the officers did not use excessive force under the circumstances but in fact used reasonable force to affect the arrest of Plaintiff who was physically resisting restraint.

Plaintiff alleges three assignments of error asserting the trial court erred in: (1) granting summary judgment on the issue of the legality of the arrest; (2) finding the officers did not use excessive force; and (3) finding Plaintiff's actions in resisting a lawful arrest were the cause in fact of his injuries.

**SUMMARY JUDGMENT**

We review motions for summary judgment de novo. *Hollander v. Days Inn Motel*, 98-1361 (La. App. 3 Cir. 5/1/99) 739 So.2d 238, *writ granted in part, reversed in part on other grounds*, 99-1733 (La.10/1/99), 747 So.2d 1133.

> Appellate courts review summary judgment de novo, applying the same criteria that govern a trial court's determination of a motion for summary judgment. Louisiana's Code of Civil Procedure [Article 966(B)] states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." We are required to construe factual inferences that are reasonably drawn from the evidence presented in favor of the party opposing the motion: all doubt is to be resolved in the non-moving

party's favor.

We also are to remain cognizant of the mover's and non-mover's burdens of proof. Although the burden of proof on a motion for summary judgment remains with the moving party, the mover's burden changes depending upon whether he or she will bear the burden of proof at trial on the matter that is the subject of the motion for summary judgment:

[I]f he or she will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La.Code Civ. P. art. 966(C)(2).

*Covington v. McNeese State Univ.,* 08-505 (La.App. 3 Cir. 11/5/08), 996 So.2d 667, 671-72, *writ denied* 09-69 (La.3/6/09), 3 So.3d 491, *quoting McClaff, Inc. v. Arch Ins. Co.*, 07-1182, pp.7-8 (La.App. 3 Cir. 2/27/08), 978 So.2d 482, 487-88.

The trial court ruled on summary judgment that the arrest of Plaintiff in this case based upon a recalled search warrant was a valid arrest. The judgment is valid if there were no material issues of fact in dispute regarding the police officer's reliance on the outstanding arrest warrant later shown to have been recalled prior to Plaintiff's arrest. Our de novo review of the record reveals there is no dispute that an arrest warrant was validly issued by a trial judge for Plaintiff's failure to appear in court to answer to a charge of simple battery. The record also reveals there is no dispute that the arrest warrant was recalled by the trial judge but the clerk of court failed to process the recall. It is also undisputed that the police had no responsibility for recalling the warrant and that the arresting officer, having been called to the scene by Johnson who feared Plaintiff might become physically violent, had no knowledge that the warrant had been recalled. Officer Perry testified that the warrant had just

4

appeared on his desk that morning and that this was the reason he gave no credibility to Plaintiff's claim in the midst of the emotionally charged and heated encounter. It is also undisputed that because this occurred on a Sunday the officer could not call the clerk's office to inquire as to whether the warrant had been recalled. There is no evidence that the officer acted in bad faith.

There were no genuine issues of material fact to resolve regarding the validity of the arrest. The officer, in good faith, relied on a validly issued arrest warrant. The Louisiana Fourth Circuit Court of Appeal recently considered a case where the officer arrested a suspect based on a warrant which the computer system showed was outstanding but which was subsequently found to be invalid. Relying on the United States Supreme Court decision in *Herring v. U.S.,* 555 U.S. 135, 129 S.Ct. 695, (2009) the Fourth Circuit held that where the officer acted in good faith "based on the information available to him at the time" evidence seized as a result of the arrest would not be excluded. *State v. Johnson*, 08-1551, p.2 (La.App. 4 Cir. 2/5/09), 6 So.3d 195,196 citing *Herring* and *U.S. v. Leon*, 468 U.S. 897, 104 S.Ct. 2674, (1984), in which the United States Supreme Court enunciated the "good faith" rule. In *Herring*, the U.S. Supreme Court considered admissibility of evidence seized pursuant to an arrest which was based upon a previously recalled arrest warrant, finding that the evidence would not be suppressed absent "allegations of deliberate falsehood or of reckless disregard for the truth." *Id.* p. 703. The court therein further stated:

> These principles are reflected in the holding of *Leon*: When police act under a warrant that is invalid for lack of probable cause, the exclusionary rule does not apply if the police acted 'in objectively reasonable reliance' on the subsequently invalidated search warrant. 468 U.S. at 922, 104 S.Ct. 3405. We (perhaps confusingly) called this objectively reasonable reliance "good faith." *Ibid., n.* 23, 104 S.Ct. 3405. In a companion case, *Massachusetts v. Sheppard*, 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed. 2d 737 (1984), we held that the exclusionary

5

rule did not apply when a warrant was invalid because a judge forgot to make "clerical corrections" to it.

*Id*. at 701.

This reasoning regarding application of the good faith rule of *Leon* is applicable to the good faith actions of Officer Perry in arresting Plaintiff pursuant to a validly issued arrest warrant which he, in good faith, did not know had been recalled.

In *Kyle v. City of New Orleans*, 353 So.2d 969 (La.1977), (citations omitted) the Louisiana Supreme Court addressed a claim for false imprisonment, false arrest and the use of excessive force in the arrest of the plaintiffs noting:

> False arrest and imprisonment occur when one arrests and restrains another against his will without a warrant or other statutory authority. Simply stated, it is restraint without color of legal authority. Thus, if police officers act pursuant to statutory authority in arresting and incarcerating a citizen, they are not liable for damages for false arrest and imprisonment. The law exempts the officers from liability even if the statute upon which they rely is later declared unconstitutional as long as the officers reasonably believed it valid at the time they acted.

*Id*. at 971. This earlier decision by our state supreme court is in line with the "good faith" reasonable standard applied by the U.S. Supreme Court in *Leon* and *Herring*. The Louisiana Code of Criminal Procedure Article 217 provides in pertinent part:

> A peace officer, when making an arrest by virtue of a warrant, shall inform the person to be arrested of his authority and of the fact that a warrant has been issued for his arrest, unless he flees or forcibly resists before the officer has an opportunity to inform him, or unless the giving of such information would imperil the arrest. The officer need not have the warrant in his possession at the time of the arrest . . . .

Officer Perry testified he informed Plaintiff he was placing him under arrest by virtue of an outstanding warrant for his arrest. The officer acted in good faith "pursuant to statutory authority" executing an arrest warrant validly issued without any knowledge that it had been recalled. The trial court properly granted summary judgment on this issue.

6

**EXCESSIVE FORCE**

The Louisiana Code of Criminal Procedure Article 220 provides:

> A person shall submit peaceably to a lawful arrest. The person making a lawful arrest may use reasonable force to effect the arrest and detention, and also to overcome any resistance or threatened resistance of the person being arrested or detained.

The Louisiana State Supreme Court explained the "reasonable force" test of Article 220 in *Kyle,* 353 So.2d 972-73(citations omitted):

> The use of force by officers must be tested by the "reasonable force" standard established by this article [La.Code Crim. P. art. 220] The test precludes "clearly inappropriate force." LSA-C.Cr.P.Art.220, Official Revision Comment(b).

> The use of force when necessary to make an arrest is a legitimate police function. But if the officers use unreasonable or excessive force, they and their employer are liable for any injuries which result. LSA–C.C. Art. 2320; *Picou v. Terrebonne Parish Sheriff's Office*, La.App., 343 So.2d 306 (1977), *writ refused*, La. 345 So.2d 506 (1977); *Cheatham v. Lee*, La.App. 277 So.2d 513 (1973); *Bourque v. Lohr*, La. App., 248 So.2d 901 (1971); *Taylor v. City of Baton Rouge*, La.App., 233 So.2d 325 (1970).

> Whether the force is reasonable depends upon the totality of the facts and circumstances in each case. A court must evaluate the officers' actions against those of ordinary, prudent, and reasonable men placed in the same position as the officers and with the same knowledge as the officers. The degree of force is a factual issue. As such, the trial court's finding is entitled to great weight. *Canter v. Koehring Co.*, La. 283 So.2d 716 (1973).

> Several factors to be considered in making this determination are the known character of the arrestee, the risks and dangers faced by the officers, the nature of the offense involved, the chance of the arrestee's escape if the particular means are not employed, the existence of alternative methods of arrest, the physical size, strength, and weaponry of the officers as compared to the arrestee, and the exigencies of the moment.

Our review of the record demonstrates no manifest error in the trial court's finding of fact in this regard. Officer Vail testified Plaintiff kept trying to extricate himself from Officer Perry's hold by "pushing, fighting, kicking" and that he struggled the whole time the officers were trying to subdue him. He further testified

7

he was in fear of receiving injury from Plaintiff who continued struggling with him. He additionally testified, "I knew if I didn't do something, one of us was going to get hurt sooner or later. It just wasn't ending." According to Officer Vail, Plaintiff did not stop struggling with the officers until he pepper-sprayed him. Johnson testified that when the police arrived, Plaintiff was screaming and yelling and that it was "a pretty emotionally charged situation." She also testified that the reason she called police was that she feared Plaintiff was going to get physical with her. As the police were aware, Plaintiff had been previously charged with simple battery which was the charge upon which the arrest warrant for Plaintiff's failure to appear in court was based. The trial court stated it did not find Plaintiff's testimony credible but believed the officers' version of events. As we must accord great weight to the trier of facts factual findings on this issue, we do not find the record supports our second-guessing the trial court's factual determination that the officers did not use excessive force but instead acted reasonably under these facts and circumstances.

Because we find no error in the trial court's rulings that the arrest was a valid arrest and that the officers' did not use excessive force in arresting Plaintiff, the remaining assignments of error are rendered moot. All costs of this appeal are assessed against Plaintiff.

**AFFIRMED**