DAVID S. GORBATY, Judge.
11 Robert Johnson was initially stopped by an NOPD officer after the officer observed Johnson driving without a seat belt. Upon running Johnson’s name through NOPD’s CAD system and finding an outstanding warrant on Johnson, the officer arrested him, and searched him incidental to the arrest. The search revealed a small amount of marijuana in Johnson’s pocket. Before leaving the scene, the officer attempted to run Johnson’s name through the NCIC system to verify the validity of the warrant; the NCIC system was down. The officer proceeded to central lockup. Once there, the officer requested deputies to check the warrant again. The warrant was no longer valid. However, Johnson was booked and charged with one count of first offense possession of marijuana, a misdemeanor violation of La. R.S. 40:966.
After hearing and argument at a motion to suppress the marijuana, counsel for Johnson argued that an unpublished opinion of this Court instructed that an officer must confirm the existence of a warrant before searching a suspect incidental to an arrest based on that warrant. Contrary to counsel’s argument, that was not the disposition of the case; rather, we summarily dismissed the writ application because it was incomplete. No ruling was made on the merits. | ¿The trial court, nonetheless, agreed with the defense, stating that the officer could have waited on the scene for some undetermined amount of time before Johnson was arrested on the warrant and searched. The trial court suppressed the evidence and the State applied for this supervisory writ.
On January 14, 2009, the United States Supreme Court cleared up this previously murky area of the law. In Herring v. U.S., — U.S. -, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009), the Court found that when errors or omissions occur in a search warrant application, the evidence seized pursuant to the warrant does not have to suppressed unless there are “allegations of deliberate falsehood or of reckless disregard for the truth.” Id. p. 703, citing Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).
The Supreme Court granted certiorari because of vast differences of opinions in the lower circuit courts. The Eleventh Circuit case with which the Supreme Court has agreed, concluded that excluding evidence would not further the deterrent purpose of the exclusionary rule. The evidence was admissible under the good faith rule enunciated in U.S. v. Leon, 468 U.S. 897, 104 S.Ct. 3430, 82 L.Ed.2d 677 (1984).
Thus, based on Herring, the trial court was in error in granting the motion to suppress. The officer in this case acted in good faith when he arrested Johnson based on the information available to him at the time. The officer attempted to verify the information, but was unable to do so. There is no evidence of any intentional wrongdoing on the part of the officer or NOPD. Accordingly, we grant |nthe writ and reverse the trial court. The previously issued stay is lifted and this matter is remanded to the trial court for further proceedings.
LOVE, J., concurs and assigns reasons.
Ill respectfully concur; however, I write separately to address my interpretation of Herring v. U.S., -U.S. -, 129 S.Ct. 675, 172 L.Ed.2d 496 (2009). I find that Herring scrutinized evidence seized pursuant to a search incident to arrest, which was based upon a previously recalled arrest warrant. Therefore, Herring is factually analogous to the case sub judice and I find that the trial court erred, in that the search incident to arrest was conducted in *197 good faith with no evidence of intentional wrongdoing or negligence.