BROWN, Chief Judge.
 

 | defendant, Ronnie Brown, was originally arrested for nonsupport and failure to appear. A vehicle search incident to his arrest was performed and a gun and drugs were found. Brown was charged with possession of a Schedule II controlled dangerous substance, methamphetamine, and possession of Schedule IV controlled dangerous substances, diazepam, dextropoxy-phene, and alprazolam. A motion to suppress the evidence was filed, and after the arresting deputy gave testimony regarding the search, the motion to suppress was granted by the trial court. A writ was taken and this court reversed and remanded “for further proceedings.”
 
 See State v. Brown,
 
 45,138 (La.App.2d Cir.10/15/09), 38 So.3d 894.
 

 On remand, the hearing on the motion to suppress was reopened and defendant testified regarding the arrest and search. Thereafter, the trial court denied the motion. Defendant then entered a plea of guilty reserving his right to appeal the judgment denying his motion to suppress pursuant to
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976). He was sentenced to serve 18 months at hard labor for each charge, the sentences to be served concurrently, and a fine was imposed. The sentences were deferred pursuant to La. C. Cr. P. art. 893, and defendant was placed on 18 months’ active probation. Defendant now appeals the suppression issue.
 

 Facts
 

 On December 1, 2008, an arrest warrant was issued for defendant, Ronnie Brown, charging him with failure to pay child support and failure to appear. On January 5, 2009, the Jackson Parish Sheriffs Office learned that defendant, a wood hauler, would be unloading some logs at the Bear Creek |2Wood Mill. Deputy Donovan Schultz was waiting at the mill when defendant drove up to the scales. Dy. Schultz told defendant of the outstanding warrant and asked him to move the truck off the scales and park it out of the way. Defendant did as the deputy requested. Dy. Schultz was aware from a previous incident that defendant kept a handgun in his truck. The deputy asked defendant if he had a gun in the truck and he said that he did. Initially defendant gave consent to search the cab but then withdrew the consent. After Dy. Schultz informed defendant that a search could be made incidental to a lawful arrest, defendant consented to the search. A gun and drugs were found inside the cab of the truck.
 

 Discussion
 

 Defendant claims that the search of his 18-wheeler was illegal under the law as it stood prior to
 
 Arizona v. Gant,
 
 — U.S. -, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009). Defendant also asserts that a retroactive application of
 
 Gant
 
 mandates reversal of his convictions and sentences. We disagree.
 

 In
 
 State v. Brown, supra,
 
 this court found the search and seizure to be legal based upon the record before us at that time. On remand defendant testified at the reopened hearing on the motion to suppress. His statements contradicted in part the testimony of Dy. Schultz given at
 
 *460
 
 the original hearing. We nonetheless ñnd that the record in this case fully supports this court’s previous decision on the issues presented in the writ application and is devoid of any additional circumstances and/or evidence that would lead us to change the conclusions we reached therein.
 

 | oSpecitically, the law until April 21, 2009, which is when the Supreme Court handed down
 
 Gant, supra,
 
 was exactly as Dy. Schultz told defendant. On January 5, 2009, the date of the search and seizure, the passenger compartment of a vehicle could be searched incident to the arrest of an occupant as long as the arrestee was still relatively near the vehicle and had just been in the vehicle, as set forth by the Supreme Court in
 
 Thornton v. United States,
 
 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004).
 
 See also State v. Canezaro,
 
 07-668 (La.06/01/07), 957 So.2d 136.
 

 Clearly, Dy. Schultz acted in good faith when he performed the search incident to arrest,
 
 see United States v. Leon,
 
 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984);
 
 State v. Johnson,
 
 08-1551 (La.App. 4th Cir.02/05/09), 6 So.3d 195 (Love, J., concurring).
 

 Furthermore, even under
 
 Arizona v. Gant, supra,
 
 the search was legitimate. Defendant was standing by the cab of the truck and was not restrained in any manner. Due to a prior incident, Dy. Schultz had knowledge that defendant kept a gun in his truck and when defendant told Dy. Schultz that he had a firearm in the cab of his 18-wheeler, the officer was presented with a potential safety concern.
 

 The reasonableness of the intrusion into a person’s privacy is the cornerstone of an analysis under the Fourth Amendment. The inquiry is solely an objective one that does not take into account the subjective intent or belief of the officer making the arrest.
 
 Whren v. United States,
 
 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Deputy Schultz was ^objectively reasonable in removing the weapon to protect himself and the public.
 
 See State v. White,
 
 08-1002 (La.01/21/09), 1 So.3d 439.
 

 Conclusion
 

 For the foregoing reasons, defendant’s convictions and sentences are
 
 affirmed.